MISSISSIPPI COUNTY v. GREEN.

4-5858 · 138 S. W. 2d 377

Opinion delivered March 25, 1940.

*Bruce Ivy* and *Reid & Evrard,* for appellant.
*Holland & Taylor,* for appellee.

HUMPHREYS, J. The sole question involved on this appeal is whether appellee was qualified to act as special

county judge and entitled to pay for his services in certain matters pending in the county court of said county wherein S. L. Gladish, the regular county judge of Mississippi county, was disqualified, as appears from the agreed statement of facts in this suit, which is as follows:

"It is hereby agreed by and between Roland Green, by his attorneys, Holland & Taylor, and Mississippi county, by its attorneys, Bruce Ivy, prosecuting attorney, and Reid & Evrard, special attorneys, as follows:

"That Hon. S. L. Gladish is the duly qualified county judge of Mississippi county, Arkansas; that on the 10th day of November, 1939, there was a matter pending in the county court for the Chickasawba district of Mississippi county, Arkansas, wherein the said S. L. Gladish was disqualified to act; that on the said date the said S. L. Gladish certified his disqualification to the Hon. Carl E. Bailey, governor; that on the 13th day of November, 1939 the Hon. Carl E. Bailey, governor, appointed Roland Green as special county judge to try said cause; that the cause was tried by Roland Green and on the 14th day of November, 1939, the said Roland Green filed his claim and under authority of § 11419 of Pope's Digest, for services as special county judge.

"That the claim was on the 14th day of November, 1939, disallowed by the Hon. S. L. Gladish, county judge, from which order Roland Green appealed to the circuit court.

"That the said Roland Green is not learned in the law and has never been admitted to the practice of law and has not practiced law for three years; that he is not and never has been licensed to practice law in Arkansas or any other state; that the said Roland Green possesses all of the other qualifications required under the law to hold the office of county judge of Mississippi county.

"That said cause was tried in the county court as required by law."

The trial court found that appellee was qualified to act under § 29 of art. VII of the Constitution of 1874

and entitled to his pay and adjudged the amount thereof to him, from which is this appeal.

Appellant contends that although appellee possesses all the qualifications required under § 29, art. VII of the Constitution, yet he did not possess two of the necessary qualifications required under § 10 of act 452 of the acts of 1917.

Appellee contends that said act is void in so far as it requires two qualifications not required by the constitution in order for a person to act as county judge in Mississippi county.

Section 29, art. VII of the Constitution of 1874 is as follows: "The judge of the county court shall be elected by the qualified electors of the county for the term of two years. He shall be at least twenty-five years of age, a citizen of the United States, a man of upright character, of good business education, and a resident of the state for two years before his election, and a resident of the county at the time of his election, and during his continuance in office."

Section 10 of act 452 of the Acts of 1917 provides: "The judge of the county, probate and common pleas courts of Mississippi county shall be at least twenty-five years of age, a citizen of the United States, and a man of upright character, of good business education, learned in the law, and a resident of the state two years before his election, and a resident of the county at the time of his election and during his continuance in office, and shall have practiced law three years."

While it is a question of first impression in this state whether a person not a lawyer and who has not practiced law three years may be a county judge in Mississippi county we hold that under our constitution, § 29, art. VII thereof, a person may be county judge of Mississippi county without possessing such qualifications.

It is true that § 10 of act 452 of the Acts of 1917, provides that a person must possess such qualifications in order to be a county judge of Mississippi county, but the act is void in so far as it imposes such qualifications

upon a person in order to be a county judge in Mississippi county. The qualifications fixed by the constitution to be county judge in this state inferentially prohibits the legislature from fixing additional qualifications. Why fix them in the first place if the makers of the constitution did not intend to fix all the qualifications required, and why fix only a part of them and leave it to the legislature to fix other qualifications? There is no reasonable answer to these questions. The makers of the constitution knew exactly what qualifications a county judge should have and fixed them, and of course, fixed all of them and not a part of them. The makers of the constitution intended to cover the whole subject of the qualifications for a county judge. Had the makers of the constitution intended otherwise they would have created the office of the county judge with directions to the legislature to fix their qualifications. Instead of delegating this authority to the legislature they fixed the qualifications of county judges themselves, thinking perhaps it was better to have a good business man in the position than some lawyer who had practiced three years. Every county at that time had business to attend to and has since and will always have important business for the county to attend to and the makers of the constitution well knew that the electorate would have a better opportunity to select a man of good business education from all the citizens than if restricted to the selection of a person of good business education from among the lawyers in the county only.

We find in 29th Cyc. at page 1376 this statement: "But where the constitution itself prescribes in detail the qualifications for office, the legislature may not add to or diminish them."

In 22 R. C. L. at page 401, § 41, we find this announcement: "While it has been ruled that even where the constitution has prescribed certain qualifications, the legislature may supply additional qualifications, unless it appears that this action is prohibited, the better opinion appears to be that a regulation on the subject inserted in the constitution operates as an implied re-

striction on the power of the legislature to impose additional qualifications.''

In the case of *Kentz* v. *Mobile*, 120 Ala. 623, 24 So. 952, it was held by the court under an earlier constitutional provision that all persons resident in the state of Alabama were to be considered citizens of the state possessing equal, civil and political rights, it was held that a provision in the charter of the city of Mobile which required that the recorder therein provided for should be learned in the law and a practicing attorney was invalid as being in conflict with the constitutional provision.''

We have read a number of cases from other courts and find that they are almost unanimous in holding that where offices are created by the constitution of the state and the qualifications of the officers are fixed by the constitution, acts of the legislature attempting to add to the qualifications fixed by the constitution are void and in accordance with the great weight of authority we so hold.

Our conclusion is that § 10 of act 452 is void, but in so holding we do not declare the entire act invalid. Section 10 of act 452 is severable from the remainder of the statute and is a complete law, even if § 10 is stricken from it.

The judgment of the circuit court is, therefore, affirmed.