The Honorable Mike Huckabee Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Huckabee:
This is in response to your request for an opinion on whether a candidate for county judge must be a resident of the county in which he is seeking election at the time of filing for the office, or at the time ofelection and during the term of office.
It is my opinion that the Arkansas Constitution requires a candidate for county judge to be a resident of the relevant county at the time of hiselection and thereafter during his term, but does not require his residency at the time of filing for the office. Any contrary statutory requirement is constitutionally suspect.
Some explanation is necessary. Article 7, § 29 of the Arkansas Constitution sets the qualifications for county judges as follows:
 The judge of the county court shall be elected by the qualified electors of the county for the term of two years. He shall be at least twenty-five years of age, a citizen of the United States, a man of upright character, of good business education and a resident of the State for two years before his election, and a resident of the county at the time of his election and during his continuance in office. [Emphasis added.]
This provision requires a county judge to be a resident of the county "at the time of his election." A state statute, which applies to candidates for all offices, provides in pertinent part that:
 No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is candidate, except if a person is not qualified to hold the office at the time of filing because of age alone, the name of the person shall be printed on the ballot as a candidate for the office if the person will qualify to hold the office at the time prescribed by law for taking office.
A.C.A. § 7-5-207 (b) (Supp. 1997).
There is an obvious discrepancy between the requirements of the Constitution, on the one hand, and the requirements of A.C.A. §7-5-207(b) on the other. In my opinion the legislature is without authority to prescribe qualifications for county judges in addition to those set out at Arkansas Constitution, art. 7, § 29. This was the holding of Mississippi County v. Green, 200 Ark. 204, 138 S.W.2d 377
(1940). In Mississippi County, an act of the legislature (Act 452 of 1917) required, in addition to the qualifications set out in the Constitution, that the county judge of Mississippi County be "learned in the law" and have "practiced law three years." The court stated:
 The qualifications fixed by the constitution to be county judge in this state inferentially prohibits the legislature from fixing additional qualifications. Why fix them in the first place if the makers of the constitution did not intend to fix all the qualifications required, and why fix only a part of them and leave it to the legislature to fix other qualifications?. . . . The makers of the constitution intended to cover the whole subject of the qualifications of a county judge.
 We have read a number of cases from other courts and find that they are almost unanimous in holding that where offices are created by the constitution of the state and the qualifications of the officers are fixed by the constitution, acts of the legislature attempting to add to the qualifications fixed by the constitution are void and in accordance with the great weight of authority we so hold.
200 Ark. at 207-208.
In my opinion, therefore, to the extent A.C.A. § 7-5-207(b) attempts to require county judges to be residents of the county at the time of filing for office, which requirement is different from, and additional to, the requirement of Arkansas Constitution, art. 7, § 29, it is constitutionally suspect.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Of course, this statutory provision retains its vitality with regard to offices, the qualifications of which are not set in the constitution to the contrary.