Shirley ALLRED, Edward Ham, and Gary Bunch *v.*
Bill McLOUD, Larry Easterling,
and Omer Fowler

00-480                                          31 S.W.3d 836

Supreme Court of Arkansas
Opinion delivered November 30, 2000

*Marshall N. Carlisle*, for appellants.

*Terry D. Jones*, Prosecuting Att'y, Fourth Judicial Dist., for appellees.

R OBERT L. BROWN, Justice.   Appellants Shirley Allred, Edward Ham, and Gary Bunch appeal from an order of the circuit court declaring that a Madison County initiative fixing term limits for county officials is lawful and valid. They raise three points on appeal: (1) that the term-limit initiative violates the

Arkansas Constitution and state statutes; (2) that the initiative is retroactive in effect and, therefore, is invalid; and (3) that no parts of the initiative can be severed and enforced, if the court finds that some of the provisions are invalid. We hold that the initiative violates Amendment 7 to the Arkansas Constitution because it is contrary to the general laws of this state. Accordingly, we reverse and remand.

On November 3, 1998, the voters of Madison County enacted a local initiative which dealt with its county officials. The initiative read:

> Be it enacted by the people of Madison County, State of Arkansas: The terms served by elected officials for the offices of County Judge, Sheriff, Assessor, County Collector, Treasurer, Circuit Clerk, Coroner and Justice of the Peace shall be limited to five (5), two-year terms; and declaring that when a person's service in any office equals or exceeds five (5) two-year terms, including terms served prior to the passage of this measure, such persons shall not be eligible to have his or her name appear on the general election ballot of the County for that office. This measure shall become effective in the first election after its enactment and all subsequent elections.

On September 1, 1999, appellants Shirley Allred, who was in her seventh term as Madison County Circuit Clerk; Edward Ham, who was in his tenth term as Madison County Assessor; and Gary Bunch, who was a former justice of the peace of Madison County and who had served six two-year terms, sued the appellees, Bill McLoud, Larry Easterling, and Omer Fowler, who were members of the Madison County Election Commission, to invalidate the initiative. Specifically, the appellants sought a declaratory judgment that the initiative violated the Arkansas and United States Constitutions and was void. The petition further prayed that the circuit court place the names of the appellants and "any other candidate similarly situated" on the ballot for the general election in the year 2000.

The appellants moved for summary judgment, and on March 23, 2000, the circuit court denied the appellants' motion and issued its order upholding the validity of the initiative. In that order, the circuit court found:

## I.

That on November 3, 1998, at a general election held in Madison County, Arkansas, the voters passed an initiative petition establishing term limits for Madison County officials.

## II.

That all parties agree that there is no genuine issue of material fact involved herein.

## III.

The initiative petition establishing term limits for the offices of County Judge, Sheriff, Assessor, County Collector, Treasurer, Circuit Clerk, Coroner, and Justice of the Peace is lawful and valid.

## IV.

That the term limit provisions of the petition do not require any additional qualifications for office holders, but only determine the length of time the officials can hold office.

## V.

That the initiative petition clearly states that its provisions apply to current office holders in that the time served by present office holders is to apply to the limit of five (5) two year terms.

It is from this order that appellants have appealed.

■ We first address the issue of mootness. It is obvious that the *first* General Election after the initiative, which occurred on November 7, 2000, has come and gone. Thus, we must consider whether the issues raised in this appeal are moot. We believe that they are not. The Madison County initiative, by its terms, has continuous effect for successive elections and will affect county officials in the future who fall into the "five two-year terms" category. In addition, we consider this issue affecting ballot eligibility to be one of public importance which is likely to recur. Under such circumstances, we will address the issues raised on the merits. *Jen-*

*kins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998) (we addressed the issue of the residency of a candidate for the state legislature, though the election had already been held).

The first claim mounted by the appellants is that the initiative violates the Arkansas Constitution and our statutes. The appellants enumerate several provisions of the constitution and statutory law that, they contend, set forth what is required of candidates seeking these county offices. Those provisions establishing eligibility are:

- Arkansas Constitution, art. 7, § 29 — the county judge is elected by the qualified electors of the county for a two-year term and shall be at least 25 years of age, a United States citizen, and of upright character with a good business education and a resident of the state for two years before the election and a resident of the county.

- Arkansas Constitution, art. 7, § 41 — justice of the peace shall be a qualified elector and a resident of the township.

- Arkansas Constitution, art. 19, § 3 — no person shall be elected who does not possess the qualifications of an elector.

- Ark. Code Ann. § 7-7-101 (Repl. 2000) — only the names of certified nominees shall be on the ballot for general elections.

- Ark. Code Ann. § 7-5-207 (Repl. 2000) — no person's name shall be printed as a candidate for public office unless that person is qualified and eligible to hold office.

- Ark. Code Ann. § 14-14-1301 (Repl. 1998) — reiterates state constitutional requirements for eligibility to be a county judge or justice of the peace and sets forth the duties of the circuit clerk, county clerk, assessor, collector, treasurer, sheriff, and coroner.

The appellants assert that because the provisions of the Arkansas Constitution and state statutes fix the general laws concerning eligibility for the county offices involved, the initiative is local legislation which conflicts with and runs counter to the general law of this state. As such, the initiative violates the provision in Amendment 7 to the Arkansas Constitution which states that "no local legislation shall be enacted contrary to the Constitution or any general law of the State...."

■ We agree that the Madison County initiative is at odds with the general law of this state. This is clearly the case with respect to the county judge and justice of the peace where specific qualifications for those offices are listed in both the Arkansas Constitution and § 14-14-1301. On that point, this court has specifically held that a legislative act requiring that a county judge be an attorney who has practiced law for three years was void. *See Mississippi County v. Green*, 200 Ark. 204, 138 S.W.2d 377 (1940). In *Green*, we said:

> [T]he act is void in so far as it imposes such qualifications upon a person in order to be a county judge in Mississippi county. The qualifications fixed by the constitution to be county judge in this state inferentially prohibits the legislature from fixing additional qualifications.

200 Ark. at 206-07, 138 S.W.2d at 379.

■ And with respect to the other county offices, our laws specifically provide that candidates for those offices must possess the qualifications of electors. Those people holding the qualifications of an elector, or qualified electors, must be registered pursuant to Amendment 51 of the Arkansas Constitution. Ark. Code Ann. § 7-1-101(20) (Repl. 2000). Plus, an elector is defined as a person who is eligible to vote in the county in which he resides on the date thirty-one calendar days before the election. Ark. Code Ann. § 7-5-201(a) (Repl. 2000). There are no other general eligibility requirements for these offices specified in the general law of this state. The Madison County initiative, however, adds the requirement that for a candidate for county office to be eligible, he or she must not only be a qualified elector as required by law but also must not have served five two-year terms. Adding a new qualification for candidacy runs counter to the principle laid down by this court in *Mississippi County v. Green, supra.*

■ In defending the initiative, the members of the County Board of Election Commissioners direct this court's attention to Amendment 55, § 2, to the Arkansas Constitution and specifically to this language:

> (b) The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of

those voting on the question at a general election have approved said action.

According to the commissioners, if the quorum court has the authority to abolish or revise county offices, why should the people of the county not also have the corollary authority to limit those candidates who can stand for election to those offices? It, therefore, falls to this court to interpret § 2(b) of Amendment 55. In interpreting the language of a provision of the Arkansas Constitution, we have said that we endeavor to effectuate as nearly as possible the intent of the people in passing the measure. *S. W. Ark. Communications, Inc. v. Arrington*, 296 Ark. 141, 753 S.W.2d 267 (1988). We have also adopted the rule of construction in connection with interpreting provisions of our State Constitution that we give language its plain and ordinary meaning. *Foster v. Jefferson County Quorum Court*, 321 Ark. 105, 906 S.W.2d 314, *opinion on granting rehearing* 321 Ark. 116-A, 901 S.W.2d 809 (1995).

■ The thrust of § 2(b) of Amendment 55 and the Madison County initiative are easily distinguishable in the eyes of this court. Section 2(b) deals with the creation, revision, and abandonment of *county offices* and authorizes the restructuring of county government. The initiative, on the other hand, deals with *people* who desire to stand as candidates for election to county offices, not with the offices themselves. Amendment 55 is in no way concerned with limiting candidate eligibility. We, therefore, reject the Amendment 55 argument.

■ We conclude that the Madison County initiative violates the proscription set forth in Amendment 7 to the Arkansas Constitution in that it is local legislation that conflicts with the general law of this state. We reverse the order of the circuit court and remand this matter for entry of an order consistent with this opinion.

Reversed and remanded.

GLAZE and SMITH, JJ., dissent.

TOM GLAZE, Justice, dissenting. This court has no record (or the necessary parties) upon which it can decide this case, nor did the parties pursue the correct proceeding to obtain the relief they sought in this case. Contrary to case law, it has simply reached out to offer a declaratory decision even though the parties

failed to join the proper parties or to preserve the legal issues they want decided.

On September 1, 1999, county officials Allred, Ham, and Bunch filed a petition for declaratory judgment and mandamus requesting the circuit court to compel the respondent Madison County Election Commission to place the petitioners' names on the general-election ballot in the year 2000. As a part of the relief sought by petitioners, they asked the circuit court to declare unconstitutional a county initiative measure — passed by Madison County voters on November 3, 1998. That measure provided that county officials are ineligible to have their names placed on the 2000 general election ballot if their service in office had already exceeded the limited terms of office required under the new county measure passed in 1998.

. On March 23, 2000, the circuit court ruled in favor of the respondent, Madison County Election Commission, and declared the 1998 county measure lawful and valid; however, it did not order the petitioners' names removed from the ballots in the 2000 general election. Nor did the court make any reference to the 2000 party-primary ballots. Other than the petitioners' notice of appeal filed on March 28, 2000, nothing appears in the record showing what happened in either the primary election or the November 7, 2000, election. In fact, the record merely reflects that the petitioners filed their appellate brief with this court on June 12, 2000, the respondent filed its brief on July 11, 2000, but no one offered to supplement the record or to request this election case on appeal be accelerated so a complete record could be presented and a proper decision could be made. It is mere conjecture as to what has occurred in this case since the trial court's March 23, 2000, order, nonetheless, the majority has chosen to forge ahead to issue a declaration of law in this election case. I am unaware of any appeal decided by this court where this court knew so little about what had transpired in a case (much less an election case), but the court still opts to decide the appeal.

As this court held in *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989), an action for mandamus and declaratory relief is the proper method of enforcing the right set out in Ark. Code Ann. § 7-5-207(b), which prohibits the inclusion of an ineligible candidate on an election ballot. *See*

*also Standridge v. Priest*, 334 Ark. 568, 976 S.W.2d 388 (1998) (citing the *Craighead County* case as establishing the proper legal proceeding to file to determine the eligibility of a candidate and to decide whether his or her name should be placed on or removed from a ballot). In the present case, the circuit court issued no mandamus removing the petitioners' names from the election ballot, primary or general; once again, this court has no information showing if petitioners' names appeared on those ballots.

In the *Craighead County* case, the court further held that, when a mandamus action is brought in an election case to determine a candidate's eligibility and right to have his or her name on the ballot, courts must see that all necessary parties are joined under Ark. R. Civ. P. 19. As already noted above, no primary election officials, such as the Madison County Democratic or Republican Committee, were made parties, nor were those officials who are statutorily authorized to certify the names of party nominees or general election candidates made parties to this litigation. *See* Ark. Code Ann. § 7-7-203(b)(2). The Arkansas Election Code requires that all political party nominees in special or general elections be selected first at a primary election and then be certified. *Lewis v. State*, 318 Ark. 334, 885 S.W.2d 663 (1994). Because the provisions of elections are only mandatory if enforcement is sought before the election, the necessary parties, including the respondent Madison County Election Commission, should have sought their relief before the 2000 primary and general elections. Although the petitioners initially filed a proper complaint, the parties simply abandoned that procedure as prescribed in our *Craighead County* case and its progeny.

The record fails to show that the respondent ever requested the court to order the petitioners' names be omitted from the primary or general election ballots, and it is clearly too late to request a decision to that effect now. This court's decision to give an advisory opinion on petitioners' eligibility and right to have their names placed on the 2000 primary and election ballots not only is moot at this time, but also the parties failed to pursue the proper proceeding to obtain the relief sought. The majority court's decision to proceed in this matter is clearly inconsistent with Arkansas's established law on the subject. This court's decision to go forward in this important election case without a complete record will only serve to introduce

confusion in ballot name–eligibility cases in the future.[1]

SMITH, J., joins.

---

[1] While it is unclear from the record before this court, the petitioners' names, I assume, were left on the required ballots; likely, they were elected. Nevertheless, the proper legal proceeding to challenge the officials' eligibility to take and hold the office for which she or he ran appears to be one of usurpation of office. *See Looper v. Thrush*, 334 Ark. 212, 972 S.W.2d 250 (1998).