The Honorable Jodie Mahony State Representative 106 W. Main St., Suite 406 El Dorado, AR 71730-5637
Dear Representative Mahony:
You have presented the following questions concerning HB 2302 for my opinion:
 (1) Is the 90-day residency requirement proposed by HB 2302 constitutional?
 (2) If the 90-day residency requirement should become law and is subsequently challenged in a lawsuit, will the state have to defend it? If so, is it possible to insert a hold harmless provision into the bill so that the cost of defending such a lawsuit could be withheld from county turnback?
HB 2302 includes a provision that would require candidates for county offices to physically reside in the county for more than 90 days[1] in order to be eligible to have their names printed on the election ballot.See HB 2302, § 1 (amending A.C.A. § 7-5-207).
RESPONSE
Question 1 — Is the 90-day residency requirement proposed by HB 2302constitutional?
It is my opinion that the 90-day residency requirement proposed by HB 2302 is constitutionally suspect. I note that my immediate predecessor in office opined that the residency requirement currently stated in A.C.A. § 7-5-207(b) (requiring candidates to be residents of the county at the time of filing for office) was constitutionally suspect as to county judges. See Op. Att'y Gen. No. 98-170. The reasoning upon which that conclusion was based applies equally, in my opinion, to the 90-day residency requirement of HB 2302, as explained below. I will address separately the constitutionality of the requirement as applied to county judges, and as applied to other county officers.
The pertinent part of HB 2302 states:
 (c) No person's name shall be printed upon the ballot as a candidate for any county office unless he or she:
 (1) Is qualified and eligible at the time of filing as a candidate for the office to old the public office for which he or she is a candidate, except if a person is not qualified to hold the office at the time of filing because of age alone, the name of the person shall be printed on the ballot as a candidate for the office if the person will qualify to hold the office at the time prescribed by law for taking office; and
 (2) Has physically resided for more than ninety days (90) in the county in which he or she has filed as a candidate.
HB 2303, § 1 (amending A.C.A. § 7-5-207).
County Judges
The 90-day residency requirement of HB 2302 directly conflicts with Article 7, § 29 of the Arkansas Constitution, which states the eligibility requirements for county judges. That provision states:
29. County judge — Election — Term — Qualifications.
 The judge of the county court shall be elected by the qualified electors of the county for the term of two years. He shall be at least twenty-five years of age, a citizen of the United States, a man of upright character, of good business education and a resident of the State for two years before his election, and a resident of the county at the time of his election and during his continuance in office.
Ark. Const., Art. 7, § 29.
HB 2302 conflicts with the above-quoted provision, because it requires residency in the county before the time of the election,[2] whereas the constitutional provision requires residency in the county only at the time of the election (and during continuance in office). The Arkansas Supreme Court has held that if a legislative body creates qualifications for eligibility for the office of county judge in addition to those stated in the constitution, such legislative action conflicts with the constitution.
For example, in Mississippi County v. Green, 200 Ark. 204, 138 S.W.2d 377
(1940), it was argued that a particular county judge was not qualified to serve because although he met all of the requirements stated in Article 7, § 29, he did not meet an additional statutory requirement, created by Act 452 of 1917, that county judges "shall have practiced law three years." This particular county judge was not a lawyer. He argued that Act 452 of 1917 was unconstitutional in that it conflicted with Article 7, § 29. The court agreed and held the statute unconstitutional. In so holding, the court stated:
 The qualifications fixed by the constitution to be county judge in this state inferentially prohibits the legislature from fixing additional qualifications. Why fix them in the first place if the makers of the constitution did not intend to fix all the qualifications required, and why fix only a part of them and leave it to the legislature to fix other qualifications? There is no reasonable answer to these questions. The makers of the constitution knew exactly what qualifications a county judge should have and fixed them, and of course, fixed all of them and not a part of them. The makers of the constitution intended to cover the whole subject of the qualifications for a county judge. Had the makers of the constitution intended otherwise they would have created the office of the county judge with directions to the legislature to fix their qualifications. Instead of delegating this authority to the legislature they fixed the qualifications of county judges themselves[.]
Mississippi County v. Green, 200 Ark. at 207. Accordingly, the court held the additional statutory requirement unconstitutional.
More recently, in Allred v. McLoud, 343 Ark. 35, 31 S.W.3d 836 (2000), the court addressed a similar problem arising out of a county initiative measure that was passed by the voters of Madison County. The initiative measure created term limits for certain specified elective offices in the county. Several county officials challenged the measure on constitutional grounds. The court held that the term limits requirement constituted an additional requirement for eligibility to hold the offices in question.
Relying on the decision in Mississippi County v. Green, supra, the court held that this additional requirement, as applied to the county judge and to justices of the peace, was clearly in conflict with Article 7, § 29 and Article 7, § 41 of the constitution, which specifically state the qualifications for those offices, respectively. The court therefore held the measure unconstitutional with regard to those offices.
The Mississippi County and Allred decisions indicate that if a court were faced with analyzing the constitutionality of HB 2302's 90-day residency requirement, it would deem the measure to be a requirement in addition to and in conflict with the eligibility requirements for the office of county judge, as stated in Article 7, § 29.
Other County Offices
The Allred decision also indicates that the 90-day residency requirement of HB 2302 is constitutionally suspect as applied to other county officers. In addressing the constitutionality of the initiative petition at issue in Allred, as applied to the other county officers, the court reasoned that the only qualification for those offices that is stated in the constitution is that which is set forth generally in Article 19, § 3, i.e., that all elected officers possess the qualifications of an elector. The qualifications of an elector could be gleaned from the election laws, which only required that voters be duly registered, and that they be eligible to vote in the county in which they reside thirty-one calendar days before the election. A.C.A. § 7-1-101(20) (Repl. 2000); A.C.A. § 7-5-201(a) (Repl. 2000). The court observed that any additional qualifications, such as a term limits restriction, would run counter to the principle enunciated in Mississippi County v. Green,supra. The court held, therefore, that this additional term limits requirement, as applied to the other county officers, was unconstitutional.
On the basis of these precedents, it is my opinion that if the court were faced with addressing a challenge to HB 2302's 90-day residency requirement for county officers, it would hold that the requirement, both as applied to the county judge, and as applied to other county officers, constitutes the same type of additional eligibility requirement that it struck down in Allred v. McLoud and Mississippi County v. Green, supra.
Accordingly, it is my opinion that the 90-residency requirement is constitutionally suspect. Accord, Op. Att'y Gen. No. 98-170.
Question 2 — If the 90-day residency requirement should become law and issubsequently challenged in a lawsuit, will the state have to defend it?If so, is it possible to insert a hold harmless provision into the billso that the cost of defending such a lawsuit could be withheld fromcounty turnback?
I am unable to answer these questions, because the answer will depend upon a number of factual considerations that will vary from case to case.
The question of who will defend in any given lawsuit will necessarily depend upon who is sued and what is alleged. It is conceivable that in a case challenging the 90-day residency requirement of HB 2302, the named defendants would be county officials rather than the state. If a lawsuit challenges the 90-day residency requirement on constitutional grounds, it is true that the Attorney General must be notified for the purpose of providing an opportunity for the full adjudication of the issue. See
A.C.A. § 16-111-106(b); Arkansas Dept. of Human Serv. v. Heath,307 Ark. 147, 817 S.W.2d 885 (1991). However, in such cases, the Attorney General has the discretion to choose not to intervene, depending upon all the facts and circumstances. See Beulah v. State, CR 02-704 (Ark. 4-3-2003), n. 1.
You also asked about the legality of including a provision for withholding county turnback funds for the purpose of paying for the defense of a lawsuit challenging the 90-day residency requirement. Such a provision, on its face, does not appear to implicate any state or federal constitutional provision, and would indeed be a policy decision within the discretion of the General Assembly.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is not clear from the language of the bill whether the requirement is that the candidate reside in the county for 90 days before filing, or for 90 days before the ballot is printed. It is not necessary for me to determine which interpretation is correct, because under either interpretation, I would reach the same conclusion — i.e., that the requirement is constitutionally suspect.
[2] As previously indicated, it is unclear whether HB 2302 would require candidates for county offices to be residents 90 days before filing, or 90 days before the ballot is printed. Under either interpretation, the bill requires candidates to be residents before the election.