Charlie DANIELS, as Secretary of State for the State of Arkansas *v.*
Jodi Raines DENNIS

05-1351                                          229 S.W.3d 880

Supreme Court of Arkansas
Opinion delivered February 23, 2006

*Mike Beebe*, Att'y Gen., by: *Timothy G. Gauger*, Sr. Ass't Att'y
Gen., for appellant/cross-appellee.

*Friday, Eldredge & Clark, LLP*, by: *Frederick S. Ursery* and *Jamie
Huffman Jones*, for appellee/cross-appellant.

JIM HANNAH, Chief Justice. Charlie Daniels, as Secretary
of State for the State of Arkansas, appeals the order of
summary judgment entered in Pulaski County Circuit Court, finding
Act 1448 of 2005 unconstitutional, void, and of no effect. Act 1448
was codified as Ark. Code Ann. § 16-13-104 (Supp. 2005) and
declares a person appointed as circuit judge to be ineligible to run as
a candidate for any circuit judgeship in the same judicial circuit to
which he or she was appointed. Daniels argues that Act 1448 is
constitutional, in that it is a valid exercise of the General Assembly's
authority over the creation and regulation of judicial districts and
divisions to deny the advantages of incumbency to judges who were

not elected. Daniels also argues that Act 1448 is intended to effectuate Amendment 29, which Daniels alleges, is intended to prevent appointed judges from running for election within the same judicial district to which he or she was appointed.

Appellee Judge Jodi Raines Dennis, counters that Act 1448 adds qualifications required of candidates for judicial office in violation of the Arkansas Constitution. Qualifications required to run for judicial office are set out in section 16 of Amendment 80 to the Arkansas Constitution and are not subject to alteration by statute. The circuit court's decision is affirmed. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(1).

### Facts

Dennis was appointed to the position of circuit judge in the Eleventh West Judicial District on June 28, 2004. Act 1448 became law on August 13, 2005. On August 16, 2005, Dennis filed a complaint for declaratory judgment, asserting that Act 1448 of 2005 is unconstitutional. Both parties filed motions for summary judgment. As part of her motion for summary judgment, Dennis filed an affidavit indicating that had she known that she would be ineligible to run for another circuit judge position in the Eleventh Judicial District, she would not have accepted the appointment.

### Standard of Review

Summary judgment is only granted when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Templeton v. United Parcel Serv., Inc.*, 364 Ark. 90, 216 S.W.3d 563 (2005). The moving party bears the burden of showing entitlement to summary judgment. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the nonmoving party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered. *Id.* We view the evidence in the light most favorable to the nonmoving party, resolving all doubts and inferences against the moving party. *Id.*

### Dennis's Motion for Summary Judgment

Dennis moved for summary judgment, arguing that Act 1448 of 2005 violates Amendment 80 and Amendment 29 to the Arkansas Constitution. She also alleged that the Act is unconsti-

tutional, in that it violates the separation-of-powers doctrine, violates her due process rights, violates the prohibition against special legislation, and is not retroactive in its application. Because we decide this case on the Amendment 80 and Amendment 29 issue, we need not address Dennis's other arguments.

Act 1448, codified at Ark. Code Ann. § 16-13-104, provides:

> A person appointed as a circuit judge shall not be eligible to be a candidate for election to any circuit judgeship in the same judicial district in which he or she is holding office.

Act 1448 clearly prohibits a person who was appointed to serve as circuit judge from being a candidate for any circuit judgeship in the same judicial district to which he or she was appointed. Act 1448 sets qualifications to run for judicial office. It controls who may and who may not run for the position of circuit judge. As noted, Daniels asserts that this statute is intended "to effectuate the General Assembly's authority over the creation and regulation of judicial districts." The authority asserted by Daniels comes from Section 10 of Amendment 80 and provides the following with respect to "Jurisdiction, venue, circuits, districts and number of judges":

> The General Assembly shall have the power to establish jurisdiction of all courts and venue of all Actions therein, unless otherwise provided in this Constitution, and the power to establish judicial circuits and districts and the number of judges for Circuit Courts and District Courts, provided such circuits or districts are comprised of contiguous territories.

While section 10 gives the General Assembly the authority to establish jurisdiction and venue, to the extent that authority is not controlled by other constitutional provisions, and the authority to set out the circuits and number of judges, it does not give the General Assembly the authority to set judicial qualifications. Judicial qualifications are set out in Amendment 80, § 16, which provides with respect to circuit judges that he or she must have been a licensed attorney for at least six years and a qualified elector within the geographic area from which he or she is chosen.

■ Where specific qualifications for office are listed in both the Arkansas Constitution and a statute, the constitution controls and voids the statute. *See, e.g., Allred v. McLoud*, 343 Ark.

35, 31 S.W.3d 836 (2000). The court in *Allred* relied on *Mississippi County v. Green*, 200 Ark. 204, 138 S.W.2d 377 (1940), where this court noted the prevailing rule[1] that regulation of qualifications in the constitution acted as a restriction on any legislative power to impose additional qualifications. In Arkansas, our constitution provides the qualifications for judicial candidates, and this court in *Green, supra*, held that where an office is created by the constitution, and qualifications for that office are fixed by the constitution, the General Assembly lacks the power to add to those qualifications. We again so hold.

Daniel's reliance on Amendment 29 is also unavailing. Contrary to Daniel's argument, it is not apparent that the purpose behind Amendment 29 was to deny the advantages of incumbency to an appointed judge. Rather, as we stated in *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002), Amendment 29 prevents a person from succeeding himself or herself in the specific position to which he or she was appointed.

Affirmed.

DICKEY, J., not participating.

---

[1] With respect to the prevailing rule, this court in *Mississippi County v. Green*, 200 Ark. 204, 207, 138 S.W.2d 377, 379 (1940), cited 22 Ruling Case Law *Public Officers* § 41, at 401 (1918), which provides that, "[t]he power which each state has to fix the qualifications of its officers is generally exercised by inserting appropriate provisions in its constitution, and when this is done the legislature is restricted in its right to impose additional qualifications." It is further stated in this same work that "the better opinion appears to be that a regulation on the subject inserted in the constitution operates as an implied restriction on the power of the legislature to impose additional qualifications." *Id.*