The Honorable Roy Ragland State Representative Post Office Box 610 Marshall, Arkansas 72650-0610
Dear Representative Ragland:
I am writing in response to your request for an opinion regarding the following two (2) questions:
 1. I recognize that Article 7, § 47 of the Arkansas Constitution establishes the position of constable; however, I would like to know how the duties and responsibilities of constables are established.
 2. Is the General Assembly vested with the authority to establish requirements before a constable can carry a weapon or make an arrest?
RESPONSE
In response to your first question, the duties and responsibilities of constables are, and have traditionally been, established by statute. The current version of the statute setting forth a constable's general duties is found at Arkansas Code Annotated § 16-19-301. In response to your second question, I am unsure exactly what you mean by "requirements." For purposes of this opinion, I will assume that you mean requirements related to training. It is my opinion that, generally speaking, the General Assembly has the authority to establish training requirements for constables. *Page 2 
Question 1: I recognize that Article 7, § 47 of the ArkansasConstitution establishes the position of constable; however, I wouldlike to know how the duties and responsibilities of constables areestablished.
Although the constitution establishes the office of constable, the duties and responsibilities of constables are, and have traditionally been, established by statute.[1] Op. Att'y Gen. 93-252. This longstanding approach is consistent with the recognized principle that the Arkansas Constitution is not a list of enumerated powers, but rather, a list of restrictions on the power of the people, as represented by the legislature. Jones v. Mears, 256 Ark. 825,510 S.W.2d 857. In other words, the legislature may exercise its power where the constitution does not prohibit such an exercise. See id. In the case of constables, the constitution merely establishes the office itself, leaving the legislature free to establish the duties of the office.See Op. Att'y Gen. 93-252. The current version of the statute prescribing a constable's duties is found at A.C.A. § 16-19-301 and states:
 (a) Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law.
 (b) If any offense cognizable before a justice of the peace in his township is committed in his presence, the constable shall immediately arrest the offender and cause him to be dealt with according to law.
 (c) Nothing in subsection (a) or subsection (b) of this section shall be construed to deprive a constable of authority to serve warrants, summons, writs, and other process as provided by law.
 (d) Nothing in this section shall prevent the fresh pursuit by a constable of a person suspected of having committed a supposed felony in his township, though no felony has actually been committed, if there are reasonable grounds for so believing. "Fresh pursuit" as used in this section shall not necessarily imply instant pursuit, but pursuit without unreasonable delay. *Page 3 
 (e) If it comes to the knowledge of any constable that an offense mentioned in this section has been committed in his township, it shall be the duty of the constable to present the offender to a justice of the peace of the township in order that the offender may be arrested and brought to trial as prescribed by law.
 (f) If a constable fails, refuses, or neglects to perform the duties imposed upon him by this section, he shall be deemed guilty of a misdemeanor, and upon conviction, by indictment in the circuit court, shall be fined not less than five dollars ($5.00) nor more than one hundred dollars ($100).
A.C.A. § 16-19-301 (Repl. 1999).
Question 2: Is the General Assembly vested with the authority toestablish requirements before a constable can carry a weapon or make anarrest?
I am unsure of exactly what you mean by "requirements." For purposes of this opinion, I will assume that you are referring to requirements in the nature of training requirements. However, I must note that it is difficult to opine on whether the General Assembly has the authority to take a particular action when I have not been provided with either a specific piece of legislation to review or a detailed description of the contemplated action.
With those caveats, it is my opinion that, generally speaking, the General Assembly has the authority to establish certain training requirements for constables. This position is consistent with the principle described in my response to your first question, which states that the Arkansas Constitution is not a grant of power, but rather a limitation of power. State v. Ashley, 1 Ark. 513, 538 (1839); Wells v.Purcell, 267 Ark. 456, 592 S.W.2d 100 (1979). If the constitution does not expressly or impliedly prohibit the legislature from exercising the power of the people in a given area, then such an exercise is lawful.Id. Moreover, it is a longstanding rule that statutes passed by the General Assembly enjoy a presumption of constitutionality. See Dabbs v.State, 39 Ark. 353, 43 Am. Rep. 275 (1882); Ports Petroleum Co. v.Tucker, 323 Ark. 680, 916 S.W.2d 749 (1996).
While Article 7, § 47 establishes the office of constable, it neither mandates nor prohibits training. For this reason, applying the above stated constitutional principles, it is my opinion that the General Assembly retains the authority to *Page 4 
establish certain training requirements for those holding the office of constable. As described in my response to your first question, the fact that the office of constable is constitutionally derived does not prevent it from being subject to legislative action. Op. Att'y Gen.93-252. In fact, in 2007 the General Assembly passed legislation requiring the Arkansas Commission on Law Enforcement Standards and Training to "develop a training course of one hundred twenty (120) hours to one hundred sixty (160) hours for certifying new constables." A.C.A. § 1 2-9-115 (Supp. 2007).
In addition, and of particular relevance to your opinion request, I refer you to A.C.A. § 14-14-1314. Also passed in 2007, this statute prescribes training requirements for constables before they are permitted to: 1) access the Arkansas Crime Information Center (the "ACIC"); and 2) carry a firearm. A.C.A. § 14-14-1314 (Supp. 2007) (emphasis added). Specifically, A.C.A. § 14-14-1314(a)(1)(B) states:
 For a constable to carry a firearm:
 (i) He or she shall attend sixteen (16) hours of firearms training; and
 (ii) Each year after completing the training required under subdivision (a)(1)(B)(i) of this section, he or she shall satisfy the firearm qualification standards for a law enforcement official.
A.C.A. § 14-14-1314(a)(1)(B)(i)-(ii) (Supp. 2007).[2]
As previously stated, your opinion request does not describe how the legislatively prescribed "requirements" that you mention would be structured. I must note that there is a potential argument that legislatively prescribed requirements which require the holder of a constitutionally derived office to either receive training or forfeit the office impermissibly create an additional qualification for the office. See Op. Att'y Gen. 97-027. However, in my opinion, whether it is permissible for the legislature to create specific qualifications for a constitutional office lacking constitutionally derived specific qualifications, e.g., the office of constable, remains an open question.[3] *Page 5 
In one relevant Arkansas case, Mississippi County v. Green,200 Ark. 204, 138 S.W.2d 377 (1940), our Supreme Court held that the General Assembly did not have the authority to enact legislation requiring a county judge to be "learned in the law," as it would add an additional qualification to that constitutional office. Id. However, the Court's reasoning in that case appeared dependant on the fact that the constitution specifically sets forth the qualifications for the office of county judge at Article 7, Section 29. Id. The court stated: "The makers of the constitution knew exactly what qualifications a county judge should have and fixed them and of course fixed all of them and not a part of them." Id. The holding of Green was most recently reiterated in the case of Daniels v. Dennis, 365 Ark. 338, 229 S.W.3d 880 (2006).
In another relevant case, Allred v. McLoud, 343 Ark. 35, 31 S.W.3d. 836 (2000), the Supreme Court held that an initiative which attempted to establish term limits for Madison County officials was in violation of the Arkansas Constitution in that it: 1) attempted to add to the specific qualifications set forth for county judge at Ark. Const. art. 7, § 29 and justice of the peace at Ark. Const. art. 7, § 41; and 2) attempted to add to the general qualifications applicable to all county officers, specifically Ark. Const art. 19, § 3.
Although constables are constitutional officers, their qualifications, unlike those of county judges, are not expressly set forth by the Arkansas Constitution. Naturally, however, they are subject to the same general qualifications applicable to all officers and found at art. 19, § 3. A training-related qualification applicable specifically to constables would neither add another specific qualification to an office with existing specific qualifications (prohibited by Green), nor add another general qualification to the existing general qualifications applicable to all county officers (prohibited by Allred). Rather, it would add a specific qualification to an office already subject to general qualifications but with no existing specific qualifications. It is unclear whether the Arkansas Supreme Court would extend the holdings of Green and Allred to prohibit this action. See Op. Att'y Gen. 97-027. *Page 6 
The courts of other states are divided on the proper approach to this particular scenario. Id.
In sum, it is my opinion that, generally speaking, the General Assembly has the authority to set requirements in the nature of training requirements for constables. I must advise caution in making the ability to hold the office of constable contingent on satisfying any training requirements because of the potential argument that such action would impermissibly add an additional qualification to a constitutional office. However, as previously described, it is not clear that adding specific qualifications to the office of constable is beyond the authority of the General Assembly.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JC/cyh
[1] The origins of the statute prescribing the general duties of a constable pre-date Arkansas' present constitution, the Constitution of 1874, by over 25 years. See English's Digest of 1848, Ch. 35, § 15.
[2] A.C.A. § 14-14-1314(a)(2) exempts constables already holding office on July 31, 2007, from these training requirements if they have completed other training.
[3] Your request seems to suggest that it would be the ability to perform specific tasks, rather than the ability to hold office, that would be contingent on completing any requirements. However, you should be aware that under Arkansas law, a constable may be removed from office for failure to carry out duties. Accordingly, if a constable is required to receive training before carrying out basic duties, e.g., arrests (A.C.A. § 16-19-301(a)), an individual elected to the office of constable might be unable to serve if he or she failed to receive training. This could arguably be viewed as the functional equivalent of requiring a constable to either complete training or forfeit his or her office.
This issue might be avoided altogether by amending the general duties of a constable as set forth by § 16-19-301; however, your opinion request did not address such an option. For this reason, I offer no opinion regarding the extent to which the General Assembly may modify the basic duties of a constable without running afoul of Ark. Const. art. 7, § 47.