2010 Ark. 206

Willard **PROCTOR, Jr.**, Appellant,

v.

Honorable Charlie **DANIELS**, in his Official Capacity as Secretary of State; The Arkansas Judicial Discipline and Disability Commission and The Pulaski County Election Commission, Appellees.

No. 10–384.

Supreme Court of Arkansas.

May 3, 2010.

Willard Proctor, Jr., pro se.

Chrishauna Clark, Pine Bluff, for appellant.

Dustin McDaniel, Atty. Gen., Mark N. Ohrenberger, Regina Haralson, Little Rock, for appellees.

JIM HANNAH, Chief Justice.

Appellant Willard Proctor, Jr., challenges the constitutionality of Arkansas Code Annotated section 16–10–410(d) (Supp.2009), which provides that "[a]ny judge removed from office [by this court] cannot be appointed or elected thereafter to serve as a judge." Proctor previously served as circuit judge in the Sixth Judicial District, but this court recently removed him from the office of circuit judge upon accepting findings of the Judicial Discipline & Disability Commission ("JDDC") that Proctor had willfully violated multiple canons of the Arkansas Code of Judicial Conduct. *See Ark. Judicial Discipline & Disability Comm'n v. Proctor*, 2010 Ark. 38, 360 S.W.3d 61.

Proctor later filed with the Secretary of State as a write-in candidate for the same office from which he had been removed. Thereafter, Proctor filed a pre-election qualification challenge in the Pulaski County Circuit Court and sought a declaration that Arkansas Code Annotated section 16–10–410(d) created a new qualification for the office of circuit judge, in violation of the Arkansas Constitution. He also sought a writ of mandamus directing the Pulaski County Election Commission to count all write-in votes cast in his favor. Appellee Pulaski County Election Commission filed an answer to the complaint, and appellees Charlie Daniels, in his official capacity as Secretary of State, and JDDC filed motions to dismiss.

The circuit court conducted a hearing on appellees' motions to dismiss. Thereafter, the circuit court issued its "Memorandum Opinion and Order of Dismissal," in which it (1) declared Arkansas Code Annotated section 16–10–410(d) constitutional; (2) issued a writ of mandamus to the Pulaski County Election Commission not to count

any votes cast in favor of Proctor in the May 18, 2010 nonpartisan judicial election, for which Proctor had filed as a write-in candidate; and (3) dismissed the amended complaint in its entirety.

On appeal, Proctor contends that Arkansas Code Annotated section 16–10–410(d) is unconstitutional because it adds a qualification for the office of circuit judge. Proctor asserts that this court should reverse the circuit court, declare the statute unconstitutional, and direct that all votes cast for him be counted. We affirm in part and reverse in part.

We begin by stating that there is a presumption of validity attending every consideration of a statute's constitutionality; every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *Eady v. Lansford,* 351 Ark. 249, 92 S.W.3d 57 (2002). Any doubt as to the constitutionality of the statute must be resolved in favor of its constitutionality. *Id.* The heavy burden of demonstrating the unconstitutionality of a statute is on the one attacking it. *Id.* This court reviews issues of statutory interpretation de novo and, while we are not bound by the circuit court's decision, in the absence of a showing that the circuit court erred, its interpretation will be accepted as correct on appeal. *Hanners v. Giant Oil Co. of Ark., Inc.,* 373 Ark. 418, 284 S.W.3d 468 (2008).

Qualifications for judicial office are found in the Arkansas Constitution.[1]

Proctor asserts that he meets all of these qualifications and that Arkansas Code Annotated section 16–10–410(d), which prohibits a judge removed from the bench from seeking judicial office, adds a "qualification" for the office of circuit judge. In support of his argument, Proctor cites cases in which this court concluded that a legislative enactment or an initiated measure unconstitutionally imposed a qualification for holding office in addition to the qualifications set out in the Arkansas Constitution. *See Daniels v. Dennis,* 365 Ark. 338, 229 S.W.3d 880 (2006); *Allred v. McLoud,* 343 Ark. 35, 31 S.W.3d 836 (2000); *Mississippi County v. Green,* 200 Ark. 204, 138 S.W.2d 377 (1940). In *Dennis,* we held that Act 1448 of 2005, which provided that a person appointed as circuit judge was ineligible to run as a candidate in the same judicial circuit to which he or she was appointed, was unconstitutional because it added a qualification required for candidates of judicial office, in violation of the Arkansas Constitution. In *Allred,* we held that a local initiative that fixed term limits for county officials at five two-year terms was unconstitutional because it added a new qualification for candidacy that was not listed in the Arkansas Constitution. In *Green,* we noted that article 7, section 29 of the Arkansas Constitution fixed the qualifications for county judge, and we held unconstitutional a statute requiring a county judge to be "learned in the law," because it added an additional qualification not found in the Arkansas Constitution.

---

1. Among the qualifications for judicial office is the requirement that candidates for circuit judge "shall have been licensed attorneys of this state for at least six years immediately preceding the date of assuming office." Ark. Const. amend. 80, § 16(B). In addition, "[j]udges shall be qualified electors within the geographical area from which they are chosen, and ... [c]ircuit ... judges shall reside within that geographical area at the time of election and during their period of service." Ark. Const. amend. 80, § 16(D). Moreover, "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, shall be capable ... of holding any office of trust or profit in this State." Ark. Const. art. 5, § 9.

Appellees contend that Proctor's reliance on these cases is misplaced because the restriction at issue in the present case is an individualized limitation on the ability to hold office as part of a constitutionally authorized sanction for judicial misconduct, not a "qualification." We agree with Proctor that section 16–10–410(d) is unconstitutional. The legislature did impose an additional qualification for judicial office in section 16–10–410(d).

■ $|_5$By enacting section 16–10–410(d), the General Assembly attempted to interpret the meaning of a sanction found in amendment 66—removal—and determined that removal from judicial office was permanent and, therefore, a judge removed from office could not be appointed or elected thereafter to serve as judge. We do not agree with appellees' contention that the statute is constitutional because it merely "clarifies" a qualification already created by amendment 66 of the Arkansas Constitution. It is the duty of this court, not the General Assembly, to interpret the constitution. Because section 16–10–410(d) encroaches on the power reserved to the judiciary to interpret the law, and imposes an additional qualification, we declare the statute unconstitutional. Pursuant to our duty to interpret constitutional provisions, we must now consider the remaining issue—whether, pursuant to the Arkansas Constitution, a judge removed from office by this court may thereafter seek judicial office. To resolve this issue, we must construe amendment 66 of the Arkansas Constitution.

■ In interpreting the constitution on appeal, our task is to read the law as it is written and interpret it in accordance with established principles of constitutional construction. *First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005). It is this court's responsibility to decide what a constitutional provision means, and we will review a lower court's construction de novo. *Id.* We are not bound by the decision of the circuit court; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.* Language of a $|_6$constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Id.* Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Id.*

■ Amendment 66 established the JDDC, and it authorizes the JDDC to initiate and investigate complaints concerning misconduct of judges. Ark. Const. amend. 66(a), (b). JDDC may, if it determines that grounds exist, after notice and a hearing, and by a majority vote, recommend to this court that a judge be suspended, with or without pay, or be removed from office. Ark. Const. amend. 66(c). This court may then take such action and suspend a judge or remove a judge from office. *Id.* Proctor recognizes this court's authority; however, he contends that *permanent* removal from the bench is not contemplated by amendment 66. We disagree.

In *Judicial Discipline & Disability Commission v. Simes*, 2009 Ark. 543, 354 S.W.3d 72, after accepting findings of the JDDC that Judge L.T. Simes violated various judicial canons, the court considered whether it "should adopt the recommendation that Judge Simes be *permanently* removed from the bench." *Id.* (emphasis added). After reviewing the findings, we concluded that the conduct of Judge Simes did not warrant permanent removal [2] from the bench. *Id.* Instead, we concluded that the appropriate sanction was suspen-

**2.** We noted in *Simes* that, at that time, we had

imposed the sanction of permanent removal

sion without pay to continue until the end of Judge Simes's term. *Id.* We made clear that the sanction of suspension without pay did not "foreclose the possibility of Judge Simes running for reelection in 2010." *Id.* Conversely, the sanction recommended by the JDDC—permanent removal from the bench—would have foreclosed the possibility of Judge Simes running for reelection.

"Suspension" and "removal" are two different sanctions. Suspension does not prohibit a judge from seeking reelection, but removal does. *See Simes.* Suspension lasts for a specific term of days, be it thirty days or the remaining days of a judge's term, as was the case in *Simes.* Removal is permanent because it entails not only removal from office, but also a sanction prohibiting the removed judge from again holding judicial office. *See Simes.* This sanction is imposed to protect the integrity of the judiciary and to respect and maintain the public trust. *See, e.g., Judicial Discipline & Disability Comm'n v. Thompson,* 341 Ark. 253, 16 S.W.3d 212 (2000). Because Proctor was removed from office, he is precluded from seeking election to a judicial office.

In sum, we hold that Arkansas Code Annotated section 16–10–410(d) is unconstitutional. In addition, we affirm the circuit court's dismissal of Proctor's complaint. Finally, we affirm the circuit court's issue of mandamus to the Pulaski County Election Commission not to count any votes cast in favor of Proctor.

Affirmed in part; reversed in part.

The mandate shall be issued immediately.

only one time since the JDDC was established. *Simes, supra* (citing *Judicial Disci-*

*pline & Disability Commission v. Thompson,* 341 Ark. 253, 16 S.W.3d 212 (2000)).