Hal Bass, Chair Clark County Election Commission Courthouse Square Arkadelphia, AR 71923
Dear Mr. Bass:
I am writing in response to your request, apparently submitted in connection with a local option petition drive in Clark County, for my opinion on several questions that I have combined and paraphrased as follows:
 Should a qualified elector's signature on a petition for an initiative or referendum submitted pursuant to Ark. Const. art. 5, § 1, be counted if before the petition's submission the signatory (a) died; (b) moved to a location where the initiative or petition would not be on the ballot; (c) registered to vote in a location where the initiative or petition would not be on the ballot; (d) was convicted of a felony; (e) was adjudged mentally incompetent; or (f) was otherwise subject to a cancellation of his voter registration.
Your questions track verbatim ones recently submitted to this office by the Clark County Clerk, who correctly described her request as "applicable to all statewide and local elections in which election officials must verify petition signatures." Based upon her own inquiries and research, the clerk concluded that "a petition signature should be counted if the person signing the petition was a legal voter at the time he or she signed the petition, regardless of whether the person subsequently died, moved, or had his or her voter registration canceled for another reason." *Page 2 
RESPONSE
In my opinion, the Clark County Clerk was correct in her conclusion. Assuming, as you do in your request, that a signatory was indeed a "qualified elector" at the time he or she signed the petition, I believe the signature should be counted when the petition is duly submitted, irrespective of whether any of the contingencies set forth in your question occurred following his or her signing of the petition.
Although both the clerk and you have posed as separate questions what happens under the various scenarios set forth above, I have treated your request as involving only a single question because I believe that nothing that happens after a petition is signed bears on the signature's validity, thus rendering irrelevant what may have happened to the signatory after he signed. Simply put, the petition signature of a "qualified elector," regardless of what fortune may subsequently have befallen him or her, must be counted in testing the sufficiency of the petition. In my opinion, then, the only pertinent question is whether the signatory was a "qualified elector" — i.e., a legal voter — at the time he or she signed. If so, the signature counts; if not, it doesn't.
My conclusion regarding this issue follows from Ark. Const. art. 5, 1, which provides as follows regarding the verification of signatures on a petition: "Only legal votes shall be counted upon petitions." A legal vote is one cast by "qualified elector" — a term defined as "a person who holds the qualifications of an elector and who is registered pursuant to Arkansas Constitution, Amendment 51." A.C.A. § 7-1-101(26) (Supp. 2009);accord Allred v. McLoud,343 Ark. 35, 40, 31 S.W.3d 836 (2000).[1] The law with respect to this matter is succinctly set forth in Mays v. Cole, [2] which the clerk in her request correctly identified as pertinent. At issue in Mays was the sufficiency of an initiative petition calling for a local-option election. With regard to the validity of signatures on such a petition, the court observed:
 Article 5, section 1 of the Arkansas Constitution, incorporating Amendment 7, governs both state-wide and local initiatives and *Page 3 
referendums. Ark. Const. art. 5, § 1. It also provides, under subhead "verification of petition," that "only legal voters shall be counted upon petitions." Id. Section 7-9-101(5) of the Arkansas Code defines a "legal voter" as "a person who is registered at the time of signing the petition pursuant to Arkansas Constitution, Amendment 51." Ark. Code Ann. § 7-9-101(5) (Repl. 2007).
 * * * It is, therefore, clear from the Constitution and the statutes that a person has to be a registered voter at the time he or she signs the petition and a person is not registered until the county clerk receives and acknowledges his or her voter registration application. Our case law is also explicit about this requirement. In Roberts v. Priest, we held that a petition signer must have been a registered voter at the time he signed the petition. 334 Ark. 503, 516, 975 S.W.2d 850, 855 (1998).[3]
(Emphases added.) The passage just recited is totally unambiguous: if, "at the time of signing the petition," a person is registered to vote, that person's vote "shall be counted." It is clearly the case, of course, that a signatory will be considered a "legal voter" only to the extent that he qualifies as such within the territory to be affected by the initiative or referendum. Compare
Ark. Op. Att'y Gen. No. 98-245 (opining that a signatory of an independent candidate's petition of nomination for municipal office in a ward election must be a qualified elector of the county and a resident of the ward). However, assuming, as you do in your *Page 4 
question, that the signatory of a petition is indeed a "qualified voter" under this standard at the time that he or she signs the petition, then the vote must be counted no matter what the then qualified voter's circumstances might subsequently be.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As one of my predecessors opined in Ark. Op. Att'y Gen. No. 92-342, based upon the United States and Arkansas Constitutions, to be eligible to vote in Arkansas, one must be at least eighteen years old, a U.S. citizen, registered pursuant to Amendment 51, not a convicted felon who has neither been pardoned nor discharged of his sentence, and not an "idiot or insane person" under Ark. Const. art. 3, § 5.
[2] 374 Ark. 532, 289 S.W.3d 1 (2008).
[3] Id. at 538-39. With respect to who determines the sufficiency of signatures on a petition for an initiative or referendum, Article 5, § 1 further provides:
 The sufficiency of all state-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such causes. The sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk as the case may be, subject to review by the chancery court.
Given your indication, then, that the petition drive referenced in your request relates solely to a county initiative or referendum, the county clerk is indeed the appropriate party to make the initial determination regarding the sufficiency of the petition.Accord Ark. Op. Att'y Gen. No. 98-245.