549 P.2d 577

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT, IN AND FOR the COUNTY OF PIMA, and the Hon. Harry Gin, Judge of the Superior Court, Respondent,

and

Manuel Chiquete SOTO et al., Real Parties in Interest.

No. 2 CA–CIV 2178.

Court of Appeals of Arizona, Division 2.

May 13, 1976.

Rehearing Denied June 16, 1976.

Review Denied July 20, 1976.

Dennis DeConcini, Pima County Atty. by Donald R. Becker, Deputy County Atty., Tucson, for petitioner.

Albert R. Gamble, Tucson, for real party in interest Soto.

Wayne A. Dirst, Tucson, for real party in interest Williams.

Hoffman, Anderson & Brown by David S. Hoffman, Tucson, for real party in interest Edwards.

## OPINION

HOWARD, Chief Judge.

This special action challenges the granting of a motion for redetermination of probable cause and the quashing of the indictment against the real parties in interest, defendants in a pending criminal action, charged with first-degree murder, armed robbery and armed burglary. Since we find review by special action appropriate in this case, we assume jurisdiction.

The case against the defendants was presented to the Pima County Grand Jury on January 23, 1976, and a true bill was returned. The motion for a redetermination of probable cause was granted and the indictment was quashed, on the ground that Rule 12.8, Arizona Rules of Criminal Procedure and A.R.S. Sec. 21–411(A) require that when the grand jury is instructed on the law, the explanation and reading of the statutes be recorded and included in the transcript of the grand jury proceedings.

The transcript of the proceedings reveals:

"THE FORELADY: Ladies and gentlemen, I would like to call this session of the grand jury to order so that we may proceed with the business at hand.

\* \* \* \* \* \*

MR. BECKER: Thank you.

Ladies and gentlemen, my name is Don Becker. I am a Deputy County Attorney and I will be over here periodically presenting cases to you.

Today I will be presenting two cases, the first two cases on the agenda for today.

Before we begin those cases, however, I would, since the first case involves murder and it is my understanding murder has not been explained to you, the various elements and so forth the law

provides in Arizona, so I would like to take this opportunity to briefly explain what murder means.

(Explanation of statutes omitted, and a discussion was had off the record.)

THE FORELADY: We are now back on record.

\* \* \* \* \* \*

Under Rule 12.9(a), Arizona Rules of Criminal Procedure, the grand jury proceedings may be challenged by motion for a new finding of probable cause when the defendant was denied a substantial procedural right. In their Rule 12.9 motion the defendants contended that the omission of the explanation of the statutes in the transcript denied them a substantial procedural right. The respondent court concluded that such right was denied if no transcript at all was made available, or if a material portion of the proceedings was omitted from the transcrpit. The court indicated that although it did not believe the deputy county attorney had done anything improper in instructing the jury on the law or in the "discussion," he believed the defendants had a right to know what instructions were given and what the discussion consisted of in order to determine whether any improper conduct occurred.

As we indicated in *State v. Good,* 10 Ariz.App. 556, 460 P.2d 662 (1969), the functions of the prosecutor, the judge and the grand jury, when properly executed, act as a system of checks and balances. "A prosecutor, whose role during grand jury proceedings is carefully circumscribed, must refrain from conducting himself, by word or deed, in such a manner as to invade the jury's province or tend to influence its action." 10 Ariz.App. at 558, 460 P.2d at 664. We also stated:

"[T]here is a lack of due process and an injury to the system, to the law as an institution, to the community at large, and to the democratic ideal reflected in the judicial process when the county attorney improperly attempts to influence the actions of the grand jury. Nor is it nec-

essary for the defendant to show that the actions of the county attorney in fact influence the grand jury. A person accused of a crime, to be entitled to due process, does not have to show that he would be injured if due process is lacking. The right to be tried in accordance with the law is a constitutional privilege of every man." 10 Ariz.App. at 559–560, 460 P.2d at 665.

Improper remarks or actions by the deputy county attorney during the grand jury proceedings would certainly be a denial of a substantial procedural right to the defendants. The difficulty here is that while no one intimates that improper conduct took place, the danger exists that in "going off the record," defendants' rights might have been severely curtailed. This is not a situation, as in *State v. Jacobson,* 22 Ariz. App. 128, 524 P.2d 962 (1974) where a duly constituted grand jury returned an indictment valid on its face and a challenge was made to the kind of evidence considered by the grand jury in making its decision. The case at bench hinges strictly on the instructions given by the prosecutor and the subsequent discussion, rather than the evidence presented to the grand jury. Our Supreme Court has said that it is no more proper for a prosecutor before a grand jury to express his personal opinion as to the defendant's guilt or innocence than it is to make such statements during arguments at trial. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975); *State v. King,* 110 Ariz. 36, 514 P.2d 1032 (1973).

Petitioner maintains that the rules support its position that Rule 12.8 and A.R.S. Sec. 21–411(A) do not require that the explanation and reading of the statutes be recorded and included in the transcript of the grand jury proceedings. Such construction of the rule and the statute, we feel, is much too restrictive. Rule 12.8 states:

"*a. Reporter.* The presiding or impaneling judge shall assign a regularly appointed court reporter to record the proceedings before the grand jury, *except their deliberations.*

\* \* \* \* \* \*

*c. Filing of the Transcript and Minutes. The reporter's notes containing the proceedings from which an indictment is returned* and the foreman's record of the vote shall be transcribed and filed with the clerk of the Superior Court no later than 20 days following the return of the indictment and such record and transcript shall be made available to the prosecution and defendant only." (Emphasis added)

A.R.S. Sec. 21–411(A) provides:

"The presiding judge of the superior court shall appoint a regularly appointed court reporter to record the proceedings before the grand jury, *except the deliberations thereof.* The reporter's notes containing the proceedings from which an indictment is returned shall be transcribed and filed with the clerk of the superior court . . . ." (Emphasis added)

 The rule and statute clearly state that everything that transpires before the grand jury, except the deliberations of the jurors, is to be transcribed. The word "proceedings" normally means every step from the beginning of an action until the conclusion. *Gila Land & Cattle Company v. Eads,* 23 Ariz. 282, 203 P. 549 (1922), overruled on other grounds in *Ingraham v. Forman,* 49 Ariz. 29, 63 P.2d 998 (1937). Here everything should have been transcribed, from the forelady's opening statement through the instructions and comments by the deputy county attorney and the evidence, except the grand jurors' actual deliberations which resulted in a true bill being returned.

 The state argues that before granting a motion for a redetermination of probable cause, actual prejudice must be shown by the movant. This is a rather circular argument in that prejudice cannot be demonstrated without the transcript of

the proceedings. The state says it would have been "a simple task" for the defendants to call members of the grand jury, the court reporter or even the deputy county attorney to testify in order to ascertain if anything prejudicial occurred during the non-recorded portion of the proceedings. We cannot agree. Not only would such remedy consume too much judicial time, but it would not suffice when we are concerned with insuring that a defendant's substantial right is not violated. Such rights should not be made to depend on the memories of disinterested persons or on their willingness to admit what may be their own errors. The only proper remedy, as prescribed by rule, is the granting of a motion for a redetermination of probable cause. As was said in *Corbin v. Broadman*, 6 Ariz.App. 436, 433 P.2d 289 (1967):

> " 'Every citizen is amenable to the secret inquisition of the grand jury, and he may demand justly that his essential rights be guarded by the wholesome preservation of settled systems and policies, that give greater certainty to legal proceedings, and fix on the designated prosecuting officer of the locality inevitable accountability for what is done or omitted. The inconvenience of resubmitting the matter to the grand jury is temporary; the injustice of denying the defendants investigation pursuant to the law of the land would be perpetual.' " [Citing *United States v. Rosenthal*, 121 F. 862, 873 (S.D.N.Y.1903)] 6 Ariz.App. at 443, 433 P.2d at 296.

The only relief sought by petitioner is setting aside the order granting the motion for redetermination of probable cause. No challenge to the concomitant quashing of the indictment is presented and we therefore do not consider the propriety of that ruling.

One other matter we need not address ourselves to is whether the same grand jury can hear and make a redetermination of probable cause. The respondent court's order makes no mention of a new grand jury. If the real parties in interest wanted the redetermination to be submitted to a different grand jury, it was incumbent upon them to cross-petition for special action relief.

Finding no error in the order granting the motion for redetermination of probable cause, relief is denied.

KRUCKER and HATHAWAY, JJ., concur.