566 P.2d 327

James Thomas WILKEY, Charles Patrick Roberts, Robert Lynn Gentry, Joseph Patsy Galioto, David Eugene Skinner, John Clark Leonard II, Ronald Johnson, Mark Balfour Norman, Michael Lawrence Norman, Secundino Barcelo Cocio, Jeffrey Allen Long, Joe Louis Reyes, Steven C. Thompson and Robert Vierra Ferreira, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Robert B. Buchanan, a Judge thereof, Respondents.

The STATE of Arizona, Real Party in Interest.

No. 2 CA–CIV 2538.

Court of Appeals of Arizona, Division 2.

May 16, 1977.

Rehearing Denied June 22, 1977.

Bolding, Oseran & Zavala by Richard Oseran, Tucson, for petitioners Wilkey and Roberts.

Robert J. Hooker, Tucson, for petitioner Gentry.

Aron & Fioramonti by John A. Fioramonti, Tucson, for petitioner Galioto.

Jesse J. Figueroa, Tucson, for petitioner Skinner.

Stolkin, Weiss & Tandy by Ronald J. Stolkin, Tucson, for petitioner Leonard II.

Hirsh & Shiner, P. C. by James A. Shiner and Robert J. Hirsh, Tucson, for petitioner Johnson.

Thomas Meehan, Tucson, for petitioners Norman.

John M. Neis, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for petitioner Cocio.

Law Offices of Erik M. O'Dowd by Bruce A. Burke, Tucson, for petitioner Reyes.

Healy & Beal, P. C. by William T. Healy and Jeffrey W. Hanes, Tucson (Associated Counsel), for petitioner Long.

John D. Kaufmann, Tucson, for petitioner Thompson.

Martin & Davis by Thomas G. Martin, Tucson, for petitioner Ferreira.

Stephen D. Neely, Pima County Atty. by Frank W. Frey and Charles S. Sabalos, Deputy County Attys., Tucson, for real party in interest The State of Arizona.

## OPINION

RICHMOND, Judge.

Petitioners bring this special action alleging the trial court abused its discretion in denying their motion for a new finding of probable cause. We take jurisdiction and grant relief.

The indictments being questioned are those returned by the Pima County Grand Jury on January 13, 1977, in two cases. Petitioners filed a motion to dismiss or in the alternative to remand for new findings of probable cause because of numerous off-the-record proceedings. A hearing was held on March 21, and the motion subsequently was denied.

The hearing revealed the following occurrences: short recesses during which matters pertaining to the case were discussed off-the-record; grand jury members individually and in groups being advised off-the-record by deputy county attorneys regarding Arizona statutes; the use in the grand jury room of an outline of Arizona statutes, such book not being part of the record; independent law library research done by two members of the grand jury and the subsequent exchange among all the jurors of the notes taken during said research; informal short recesses in which jurors were permitted to have off-the-record discussions with a witness testifying before them; off-the-record changes in a chart being used to explain testimony; and failure to record a juror advising a deputy county attorney of his relationship with persons under investigation.

The state raises three main points in defense of the proceedings: (1) the informal recesses are not "proceedings" within the holding of this court in *State v. Superior Court, In and For County of Pima, and Soto*, 26 Ariz.App. 482, 549 P.2d 577 (1976) and therefore our position that non-record-

**528**

ed conversations are presumed to be prejudicial to the defendant does not apply; (2) the legal issues discussed during the off-the-record recesses were general in nature and only tangential to the cases; and (3) petitioners showed no prejudice by the occurrences. The attempt to eradicate the notion of any taint of these proceedings must fail, however, if the grand jury system is to accomplish its recognized purpose of affording everyone the " 'just, impartial, and unbiased judgment of a grand jury.' " *State v. Good,* 10 Ariz.App. 556, 559, 460 P.2d 662, 665 (1969).

As we said in *Soto, supra,* a defendant is denied a substantial procedural right if a material portion of the proceedings is omitted from the transcript because the defendant is unable to determine whether any improper conduct occurred. The mere fact that the alleged wrongs occurred during "recesses" makes the activities no less suspect. The prosecutor cannot circumvent the thrust of our decisions by calling recesses. The same danger lurks here which we addressed in *Soto,* that is, that going off the record could conceivably lead to a curtailment of a defendant's rights. In that opinion, we also condemned the procedure whereby the prosecutor and others could be called to testify at a hearing to determine whether anything prejudicial occurred in the off-the-record sessions. We said:

> "Such rights should not be made to depend on the memories of disinterested persons or on their willingness to admit what may be their own errors."

26 Ariz.App. at 485, 549 P.2d at 580.

The state apparently feels that by addressing our opinion in *Soto* to "proceedings," we impliedly sanctioned the conduct that occurred here. We did not conceive, however, that jurors would ever be allowed to converse with witnesses during a recess. Nor did we contemplate jurors doing their own legal research or engaging in law-related discussions with the prosecutor, or any of the other practices cited in this instance. Now that we are aware of the manner of presenting a case to the grand jury in Pima County, we can address ourselves to it. *All*

proceedings are to be recorded, except the jury's deliberations. Recording during a formal recess is not required, i. e., if the recess is actually a hiatus in the proceedings where the jurors are not to discuss the case with each other, let alone with a witness or the prosecutor. No conversation is to be allowed between jurors and witnesses during a recess. No off-the-record conversation is to be allowed between the jurors and the prosecutor regarding the case or any legal aspect of it. All actions of the prosecutor and the jurors should be susceptible to review to ensure to the defendant an impartial, just and unbiased hearing.

Petitioners' request for relief is granted. We vacate the order of the respondent court and order that the indictments be returned to the Pima County Grand Jury for a redetermination of probable cause.

HOWARD, C. J., and HATHAWAY, J., concur.