347 So.2d 1308 (1977)
Cleo Allen BUTLER et al.
v.
FLINT-GOODRIDGE HOSPITAL OF DILLARD UNIVERSITY et al.
No. 8739.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1977.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Donald Ensenat, Asst. Atty. Gen., for applicants.
Before REDMANN, STOULIG and MORIAL, JJ.
*1309 REDMANN, Judge.
This action is a demand for $4,000,000 against physicians and a hospital for alleged medical malpractice. To defendants' plea of prematurity for failure first to present the claim to the medical panel provided by La.R.S. 40:1299.47 plaintiff filed an opposition asserting the unconstitutionality of that aspect of the statute under La.Const. art. 5, § 1, and of the statute's damage limitation under art. 1, § 3 (as well as of a third, more complicated aspect). From judgment maintaining the exception plaintiff appealed.
The Attorney General then moved to be made a party, citing La.C.C.P. 1880,[1] "inasmuch as this case involves the constitutionality or unconstitutionality of a Louisiana statute." That motion was denied by the presiding judge of this panel (sitting as the court for the month of June) by ordering that mover "may file a brief amicus curiae if he desires. C.C.P. 1880 only applies to declaratory judgment actions."
Mover now moves reconsideration of that order and the presiding judge refers this motion to the panel.
We conclude, as did another panel of this court in Cross v. Waguespack, La.App. 4 Cir. 1975, 308 So.2d 321, 323, n. 3, that the "argument that petitioner could not attack the constitutionality of the statute without first citing the state attorney general overlooks C.C.P. art. 1880's self-limitation to actions for declaratory judgments. Only in declaratory judgment actions seeking a declaration of unconstitutionality is there a requirement for citation of the attorney general."
Osborn Funeral H., Inc., v. Louisiana State Bd. E., La.App. 2 Cir. 1967, 194 So.2d 185, 189, writ refused 250 La. 373, 374, 195 So.2d 645, 646, ignores the wording of C.C.P. 1880 to which Cross refers: "When declaratory relief is sought . . .."
Mover's assertion that plaintiff seeks "declaratory relief" is a recognition of C.C.P. 1880's self-limitation. The fact, however, is that plaintiff seeks a money judgment for $4,000,000.
C.C.P. 1880 is not applicable. Our prior order correctly refused to order that the attorney general be made a party.
The prior order by the presiding judge is made the order of the court.
New Orleans, June 30, 1977.
NOTES
[1] Found in the chapter "Declaratory Judgments", arts. 1871-1883, art. 1880 provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest . . .. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard."