577 P.2d 743

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable J. Richard Hannah, Judge of the Superior Court, Division XII, Respondents,

and

Jimmie Dale BRASHER, Real Party in Interest.

No. 2 CA–CIV 2858.

Court of Appeals of Arizona, Division 2.

April 12, 1978.

---

Stephen D. Neely, Pima County Atty. by Michael D. Alfred, Deputy County Atty., Tucson, for petitioner.

Norman R. Freeman, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

Real party in interest (hereinafter defendant) was indicted for aggravated assault. His subsequent motion for a new finding of probable cause was granted on February 7, 1978, and on March 2, 1978, he filed a motion to dismiss the indictment on the ground that the state had failed to submit the matter within a reasonable time to the grand jury for a new probable cause determination. On March 6, 1978, the motion to dismiss was granted and the respondent court ordered the indictment dismissed without prejudice.[1]

The defendant moved for a new finding of probable cause because the prosecutor

had shown photographs of the victim to the grand jurors. The photographs were identified by a police office who had investigated the incident. He testified as to the circumstances of the assault and then was shown four photographs of the face and upper torso of an individual ". . . appearing to be laying in a hospital bed . ." which he identified as photographs of the victim. He stated that the photographs were taken at Tucson General Hospital within one or two hours after the incident in question. The prosecutor then presented the photographs to the jury foreman and requested that the grand jury be permitted to look at the exhibits. Consent was given.

The police officer described the nature of the victim's injuries:

"According to the x-ray of the skull and the facial bones, I would have to read this for you, Mr. Garcia received a fracture, a nasal fracture, a separation of the upper cheek bone and a fracture of the upper jaw, possible damage to the sinus cavity, also."

He also testified that the victim had undergone some type of surgery for facial injuries caused by blows inflicted by the defendant.

We agree with the state that the decisions of this court in *Wilkey v. Superior Court, In and For the County of Pima*, 115 Ariz. 526, 566 P.2d 327 (App.1977), and *State v. Superior Court, In and For the County of Pima*, 26 Ariz.App. 482, 549 P.2d 577 (1976), do not apply in the case sub judice. We held in those cases that a defendant is denied a substantial procedural right of a material portion if the grand jury proceedings is omitted from the transcript. In *Wilkey*, we stated:

"No off-the-record conversation is to be allowed between the jurors and the prosecutor regarding the case or any legal aspect of it. All actions of the prosecutor and the jurors should be susceptible to review to ensure to the defendant an

1. On March 1, 1978, the state filed a petition for special action in this court challenging the order granting defendant's motion for a new probable cause determination. An amended petition was subsequently filed on March 15, 1978, challenging both the February 7 order and the subsequent dismissal order.

impartial, just and unbiased hearing." 115 Ariz. at 528, 566 P.2d at 329.

■ Allowing the grand jurors to view the photographs of the victim was not an omission of a material portion of the proceedings from the transcript—the transcript clearly indicates that such was done. Where a duly constituted grand jury returns an indictment valid on its face and a challenge is made to the kind of evidence considered by the grand jury in making its decision, Rule 12.9(a), Rules of Criminal Procedure, 17 A.R.S., does not apply. *State v. Jacobson*, 22 Ariz.App. 128, 524 P.2d 962 (1974).

The grand jury transcript reflects the existence of the victim's photographs which are subject to disclosure to the defendant. There is no requirement that they should have been made part of the grand jury "record". Only the transcript and the minutes of the grand jury proceedings are required to be filed. Rule 12.8(c), Rules of Criminal Procedure.

■ Since the defendant was not denied a substantial procedural right, a remand for a new finding of probable cause should not have been ordered. The February 7, 1978 order was erroneous and therefore the subsequent order of dismissal was likewise erroneous.

The respondent court is directed to vacate the order of dismissal and the order granting defendant's motion for a new finding of probable cause.

RICHMOND, C. J., and HOWARD, J., concur.