# ARKANSAS DEPARTMENT OF HUMAN SERVICES
## *v.* John HEATH

91-98                                   817 S.W.2d 885

Supreme Court of Arkansas
Opinion delivered November 4, 1991

Department of Human Services, by: *Bruce P. Hurlbut*, Asst. Chief Counsel, for appellant.

*Rose Law Firm, A Professional Association*, by: *Webster L. Hubbell*; and *Rieves & Mayton* by: *Elton A. Rieves, III*, for appellee.

DONALD L. CORBIN, Justice. The Arkansas Department of Human Services (DHS) appeals an order of the Crittenden County Circuit Court to expunge appellee John Heath's name from the Child Abuse and Neglect Central Registry. On December 10, 1990, the circuit court ordered expunction subsequent to the court's reversal of the department's determination that appellant had committed child abuse. DHS does not appeal the reversal.

Ark. Code Ann. § 12-12-516(b)(1)(A) (Supp. 1989) sets out the applicable law for expunction of child abuse reports:

(b)(1)(A)    Records of all reports of abuse, neglect, sexual abuse, or exploitation shall be retained by the Child Abuse and Neglect Central Registry in accordance with the terms of this subchapter and it shall be sealed when the youngest minor victim-subject of the report reaches the age of twenty-one (21) years.

(i)    Once sealed, the records shall not otherwise be available unless the department, upon notice to the subject of the report, gives approval for an appropriate reason.

(ii)    *Reports which were determined to be unfounded shall be expunged after three (3) years.* [Emphasis supplied.]

Appellant DHS relied on the statute's expungement provision in making a motion for clarification and amendment of the circuit court's order. In its motion, DHS argued that section 12-12-516(b)(1)(A) prohibits expungement prior to the expiration of a three year period, and requested the circuit court to modify its order to conform with the department's interpretation of the statutory expungement provision.

The circuit court responded to appellant's motion by issuing an order directing DHS to "immediately carry out the Order of the Court of December 10, 1990 and immediately expunge Mr. Heath's name from any Central Registry[.]" The order further declared section 12-12-516(b)(1)(A) unconstitutional on grounds that the expungement provision violated appellee's due process rights, and unconstitutionally infringed on the court's inherent power to issue orders assuring compliance with its rulings.

Appellant DHS asserts two grounds for reversal of the trial court's order. First, DHS argues that the trial court erred in ordering the agency to violate the statutory recording requirements. Second, DHS argues that the trial court's expunction order exceeded the scope of judicial review under the Administrative Procedure Act, Ark. Code Ann. § 25-15-212 (1987). Given the circuit court's stated grounds for declaring section 12-12-516(b)(1)(A) unconstitutional, we believe both arguments implicate constitutional issues. In fact, appellee relies solely on constitutional arguments in urging this court to uphold the expungement order.

We do not address the merits of appellant's argument because the Attorney General was not notified of the constitutional attack on the expungement provision. Ark. Code Ann. § 16-111-106(b) (1987) requires that "[i]n any proceeding" in which a statute is alleged to be unconstitutional, "the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard." In the instant case, the constitutionality of section 12-12-516 was not implicated until the circuit court relied on constitutional grounds in ordering appellant DHS to comply with the expungement order. The purpose of the notice requirement is to prevent an ordinance or statute from being declared unconstitutional in a proceeding which might not be a fully adversary and complete adjudication. *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), *cert. denied*, 462 U.S. 1111 (1983). Since the constitutional arguments were not fully developed before the trial court, a decision on the merits would circumvent the purpose of the notice requirement. *See Reagan* v. *City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991). *Olmstead* v. *Logan*, 298 Ark. 421, 768 S.W.2d 26 (1989). Consequently, we reverse and remand to allow conformance with the requirements of section 16-111-106(b).

HAYS, J., concurring.

BROWN, J., not participating.