198 P.3d 580

Theresa DeVRIES, surviving parent
of Lee DeVries, Deceased,
Plaintiff/Appellant,

v.

STATE of Arizona, a body politic, and
Arizona Department of Transportation,
a governmental department of the State
of Arizona, Defendants/Appellees.

Christie A. Green; Dawn Wyland; Eric
Meyer; Rae J. Waters; The Professional
Group Public Consulting, Inc., an Ari-
zona corporation, Plaintiffs/Appellants,

v.

Gale Garriott, in his official capacity as
Director of the Arizona Department
of Revenue, Defendant/Appellee.

Stella Gomez; Cecilia Hernandez; Stefa-
nie Ortega; Kerin Zimmerman; Arizona
School Choice Trust, Inc., a private non-
profit corporation, Intervenor–Defen-
dants/Appellees.

Nos. 1 CA–CV 07–0399, 1 CA–CV 07–0424.

Court of Appeals of Arizona,
Division 1, Department C.

May 22, 2008.

John P. Leader, Tucson, Attorney for Plaintiff/Appellant in No. 1 CA-CV 07-0399.

Terry Goddard, Attorney General By Steven A. LaMar, Assistant Attorney General and Isaiah Fields, Assistant Attorney Gener-

al, Phoenix, Attorneys for Defendants/Appellees in No. 1 CA-CV 07-0399.

Sacks Tierney, PA By Marvin S. Cohen, Scottsdale, Arizona School Boards Association By Christopher P. Thomas, Arizona Center for Law in the Public Interest By Timothy M. Hogan, Phoenix, Attorneys for Plaintiffs/Appellants in No. 1 CA-CV 07-0424.

Terry Goddard, Attorney General By Michael F. Kempner, Assistant Attorney General, and Lisa A. Neuville, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellee In No. 1 CA-CV 07-0424.

Institute for Justice Arizona Chapter By Timothy D. Keller, Tempe, Institute for Justice Virginia Branch By William H. Mellor, Arlington, VA, Law Offices of Thomas A. Zlaket, PLLC By Thomas A. Zlaket, Tucson, Attorneys for Intervenor–Defendants/Appellees in No. 1 CA-CV 07-0424.

Alliance Defense Fund Law Center By Benjamin W. Bull and Gary S. McCaleb and Byron Jeffords Babione, Scottsdale, Attorneys for Amicus Curiae in No. 1 CA-CV 07-0424.

## OPINION

NORRIS, Judge.

¶ 1 "In any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional," Arizona Revised Statutes ("A.R.S.") section 12–1841(A) (Supp.2007) requires a party to serve the Attorney General, and, pursuant to a 2006 amendment, the Speaker of the House of Representatives and the President of the Senate, with "a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served." The issues we address in this opinion are, first, whether the 2006 amendment requiring service on the Speaker and President is retroactive, that is, applicable to lawsuits filed before its effective date; second,

whether the statute requires a party raising a facial constitutional challenge on appeal to effectuate service if it has not already done so in the action; and third, whether the statute requires service in non-declaratory judgment actions. We hold the 2006 amendment is retroactive and, therefore, applies to actions filed before its effective date; a party raising a facial constitutional challenge on appeal must comply with the service requirements if it has previously failed to do so; and the statute requires service in non-declaratory judgment actions if a party challenges the facial constitutionality of a "state statute, ordinance, franchise or rule."

## FACTS AND PROCEDURAL HISTORY

### A. Legal Framework

¶ 2 In 1927, Arizona enacted the Uniform Declaratory Judgments Act ("Uniform Act"). A.R.S. tit. 12, ch. 10, art. 2 (Supp. 2007). Section 11 of the Uniform Act, adopted in Arizona without change, read as follows:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.

1927 Ariz. Sess. Laws, ch. 10, § 11 (Reg. Sess.). As recognized by the Arizona Supreme Court, "[t]he object of this requirement is to protect the state and its citizens should the parties be indifferent to the outcome of the litigation." *Ethington v. Wright,* 66 Ariz. 382, 388, 189 P.2d 209, 213 (1948).[1]

---

1. In *State ex rel. Woods v. Block,* the Arizona Supreme Court described the role of the Attorney General under A.R.S. § 12–1841:

   Arizona also has long considered the Attorney General to be a key player in litigation concerning a statute's constitutionality. A party

challenging the constitutionality of a statute must serve the Attorney General, who is entitled to be heard. A.R.S. § 12–1841 (Supp. 1996). The statute imposing this requirement was recently amended to provide that if the Attorney General is not timely served with the

In addition to Arizona, 35 states have adopted Section 11, or some variation thereof, of the Uniform Act to require service on the Attorney General. A.R.S. tit. 12, ch. 10, art. 2.

¶ 3 In 1996, the Legislature amended Section 11, which by then had been codified at A.R.S. § 12–1841. 1996 Ariz. Sess. Laws, ch. 202, § 1 (2d Reg.Sess.). Although the Legislature left the first sentence of the codified version of Section 11 unchanged, it made several substantive changes and additions to A.R.S. § 12–1841 to specify what must be served on the Attorney General and when. As amended, Section 11 became subsection A and read as follows:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard. In any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional, the attorney general shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard.

¶ 4 The Legislature added two subsections to the statute. Subsection B directed the party serving the Attorney General to attach a "notice of claim of unconstitutionality . . . to the pleading, motion or document as the cover page," and specified the information to be included: contact information for the parties, information about the case and its status, a brief statement of the basis for the claim of unconstitutionality, and a brief description of the proceeding. A.R.S. § 12–1841(B) (2003).[2] Subsection C required a court, if the Attorney General had not been timely served pursuant to subsection A, to "vacate any finding of unconstitutionality" and "give the attorney general a reasonable opportunity to prepare and be heard." A.R.S. § 12–1841(C) (2003).

¶ 5 In 2006, the Legislature further amended A.R.S. § 12–1841(A) to require service on the Speaker and President in addition to the Attorney General ("2006 amendment"). 2006 Ariz. Sess. Laws, ch. 348, § 1 (2d Reg. Sess.). Subsections B and C were also amended to include references to the Speaker and President. *Id.* Without an emergency clause or an applicable retroactivity clause,[3] the 2006 amendment became effective on September 21, 2006 ("effective date"). Pursuant to the 2006 amendment, A.R.S. § 12–1841(A) (Supp.2007) now reads as follows:

> When declaratory relief is sought, all persons shall be made parties who have or

---

**2.** proper notice, the court, upon motion by the Attorney General, "shall vacate any finding of unconstitutionality and shall give the attorney general a reasonable opportunity to prepare and be heard." *Id.* Although A.R.S. § 12–1841 gives the Attorney General broad power to argue in support of the constitutionality of a statute, it does not mandate him to do so in all cases. He clearly retains discretion not to intervene if he concludes it is appropriate to do so.

189 Ariz. 269, 272, 942 P.2d 428, 431 (1997).

**2.** Subsection B currently states in full:

If a pleading, motion or document containing the allegation is served on the attorney general and the speaker of the house of representatives and the president of the senate pursuant to subsection A, a notice of claim of unconstitutionality shall be attached to the pleading, motion or document as the cover page and shall state the following information:

1. The name, address and telephone number of the attorney for the party alleging that a state law is unconstitutional or the name, address and telephone number of the party if the party is not represented by an attorney.

2. The case name, court name, caption and case number of the proceeding.

3. A brief statement of the basis for the claim of unconstitutionality.

4. A brief description of the proceeding, with copies of any court orders in the proceeding if the claim of unconstitutionality is asserted in a pleading, motion or document other than the pleading, motion or document that initiated the proceeding.

5. The date, time, location, judge and subject of the next hearing in the proceeding, if any.

A.R.S. § 12–1841(B) (Supp.2007). The references to the Speaker and President contained in subsection B were added by the Legislature in 2006. See *infra* ¶ 5.

**3.** The bill contained a retroactivity clause covering a different section. 2006 Ariz. Sess. Laws, ch. 348, § 8 (2d Reg.Sess.).

claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard. In any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional, the attorney general and the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard.

### B. Appellants' Constitutional Challenges

¶6 In November 2003, Appellant DeVries sued the State for wrongful death. The State, represented by the Attorney General, moved for summary judgment and, inter alia, argued it was entitled to qualified immunity under A.R.S. § 12–820.02(A)(7) (2003). In a combined response and cross-motion for summary judgment filed before the effective date of the 2006 amendment, DeVries argued this subsection of the qualified immunity statute was unconstitutional. The court denied the cross-motion and ruled the State could raise the qualified immunity defense at trial. The jury returned a verdict in favor of the State. On April 26, 2007, after the effective date, DeVries appealed the jury's verdict, and on appeal, again challenged the constitutionality of A.R.S. § 12–820.02(A)(7).

¶7 On September 19, 2006, two days before the effective date, Appellant Green, joined by others, filed a complaint for declaratory and injunctive relief against Gale Garriott in his official capacity as the director of the Arizona Department of Revenue. Green alleged A.R.S. § 43–1183 (Supp.2007), authorizing corporate tuition tax credits, violated the Arizona and United States constitutions. Parents of children eligible to benefit from the tax credit intervened. Garriott, represented by the Attorney General, and the intervenors each moved to dismiss Green's complaint for failure to state a claim. The

court granted both motions to dismiss. On May 14, 2007, after the effective date, Green appealed and, on appeal, reasserted the constitutional challenges.

¶8 On our own motion, we ordered the parties in each appeal to brief whether A.R.S. § 12–1841 applied to their appeals. After considering the parties' briefing, we ordered DeVries and Green to serve the Speaker and President with copies of all appellate briefs filed in their respective appeals and to comply with the requirements of A.R.S. § 12–1841(B).[4] We also consolidated their appeals for the sole purpose of addressing the application of A.R.S. § 12–1841 in a written decision; this is that decision.

### DISCUSSION

### A. Retroactivity of the 2006 Amendment

¶9 The Legislature did not make the 2006 amendment expressly retroactive, that is, applicable to litigation filed before its effective date. By state statute, "[n]o statute is retroactive unless expressly declared therein." A.R.S. § 1–244 (2002). Nevertheless, our supreme court has

> created an exception to the general rule requiring express language of retroactivity. Enactments that are procedural only, and do not alter or affect earlier established substantive rights may be applied retroactively. Even if a statute does not expressly provide for retroactivity, it may still be applied if merely procedural because litigants have no vested right in a given mode of procedure.

*City of Tucson v. Clear Channel Outdoor, Inc.,* 209 Ariz. 544, 547–48, ¶11, 105 P.3d 1163, 1166–67 (2005) (quoting *Aranda v. Indus. Comm'n,* 198 Ariz. 467, 470, ¶11, 11 P.3d 1006, 1009 (2000)). "[P]rocedural law relates to the manner and means by which a right to recover is enforced or provides no more than the method by which to proceed." *Aranda,* 198 Ariz. at 470, ¶12, 11 P.3d at 1009. Whether a state statute is procedural and may be applied retroactively is a question of law we decide de novo. *Clear Chan-*

---

4. Our order did not address the merits of the parties' arguments on appeal.

*nel Outdoor,* 209 Ariz. at 547, ¶ 8, 105 P.3d at 1166.

¶ 10 The service requirements of A.R.S. § 12–1841 are somewhat analogous to a codified amicus practice.[5] By requiring the Speaker and President to be served with "a copy of the pleading, motion or document" containing the allegation of unconstitutionality, A.R.S. § 12–1841(A), the Speaker and President receive notice of a constitutional challenge to legislation passed by their respective chambers and are given the opportunity to decide whether "to be heard."[6] *Id.* This requirement does not affect a party's underlying right to raise a constitutional challenge nor does it create, define, or regulate any right. *See Aranda,* 198 Ariz. at 470, ¶ 12, 11 P.3d at 1009 ("Substantive law 'creates, defines and regulates rights' while a procedural law establishes only 'the method of enforcing such rights or obtaining redress.'" (quoting *Hall v. A.N.R. Freight Sys., Inc.,* 149 Ariz. 130, 138, 717 P.2d 434, 442 (1986) (quoting *Allen v. Fisher,* 118 Ariz. 95, 96, 574 P.2d 1314, 1315 (App.1977)))). Therefore, the 2006 amendment is purely procedural and applicable to actions filed before its effective date.

### B. Section 12–1841 Applies to Appellate Proceedings

■ ¶ 11 Green and DeVries first raised their constitutional challenges when A.R.S. § 12–1841 required service on only the Attorney General, however, they reasserted their constitutional challenges on appeal, after the effective date of the 2006 amendment. Although A.R.S. § 12–1841 does not refer to appeals on its face, the wording of the statute is sufficiently broad to apply to appellate proceedings.

¶ 12 When construing a statute, our primary goal is to ascertain and give effect to legislative intent. *Mejak v. Granville,* 212 Ariz. 555, 557, ¶ 8, 136 P.3d 874, 876 (2006). To do this, we look first to the plain language of a statute as the best evidence of that intent. *Ariz. Dep't of Econ. Sec. v. Reinstein,* 214 Ariz. 209, 212, ¶ 9, 150 P.3d 782, 785 (App.2007).

¶ 13 Subsection A of the statute requires the Attorney General, Speaker, and President be served with "a copy of the pleading, motion or document" containing the allegation of unconstitutionality. Subsection B(4) requires the Attorney General, Speaker, and President to also be served with a notice of unconstitutionality along with "copies of any court orders in the proceeding if the claim of unconstitutionality is asserted in a pleading, motion or document other than the pleading, motion or document that initiated the proceeding." As phrased, these statutory directives reflect the Legislature's appreciation that a constitutional challenge could arise after the "initiation" of the case and could be asserted in a motion or document filed after the initial pleadings. *Cf.* Ariz. R. Civ. P. 7(a) (describing the pleadings allowed in a case). Thus, the plain language reflects that the Legislature intended for the Attorney General, Speaker, and President to be served with the allegation of unconstitutionality when that allegation is first asserted, even if it is first raised after the inception of the case.

¶ 14 Further, the last sentence of A.R.S. § 12–1841(A) requires service on the Attorney General, Speaker, and President "[i]n

---

**5.** Arizona Rule of Civil Appellate Procedure 16 governs amicus curiae participation on appeal. The comment to the 1998 Amendments to the rule states that amicus briefs should

provide a broader, more abstract presentation of law that is not narrowly tied to the facts of the case. It should provide background and context for the Court's decision. Amicus briefs should normally be allowed when ... the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus can provide information, perspective, or argument that can help the Court beyond the help that the lawyers for the parties have provided.

These comments are equally applicable to the Speaker and President.

**6.** The statutory language does not explicitly identify which party is required to serve the Attorney General, Speaker, and President. However, subsection A requires they "be served with a copy of the pleading, motion or document containing the allegation *at the same time the other parties in the action are served.*" (emphasis added). Logically, the party responsible for serving the other parties in the action is the party raising the constitutional challenge and, thus, is responsible for serving the Attorney General, Speaker, and President.

any *proceeding* in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional ... at the same time the other parties in the *action* are served." (emphasis added). A "proceeding" is a step in an action. *State v. Superior Court (Soto)*, 26 Ariz.App. 482, 484, 549 P.2d 577, 579 (1976) ("The word 'proceedings' normally means every step from the beginning of an action until the conclusion."). "[T]he word 'action' refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal." *Sw. Airlines Co. v. Ariz. Dep't of Revenue*, 197 Ariz. 475, 477, ¶ 7, 4 P.3d 1018, 1020 (App.2000) (citing cases). An appeal is a proceeding and a step in the course of an action. Therefore, a party raising a constitutional challenge in an appeal must comply with the requirements of A.R.S. § 12–1841 if it has not previously done so.[7] Accordingly, we ordered DeVries and Green to comply with the requirements of that statute with respect to their appeals.

*C. Application of A.R.S. § 12–1841 to Non–Declaratory Judgment Actions*

¶ 15 In suing Garriott, Green specifically requested a declaration that the statute at issue there, A.R.S. § 43–1183, was facially unconstitutional. DeVries, however, did not raise her constitutional challenge in connection with a request for declaratory relief. Instead, when responding to and cross-moving for summary judgment, she argued the State was not entitled to qualified immunity under A.R.S. § 12–820.02(A)(7) because that statute was facially unconstitutional. Although the third sentence of A.R.S. § 12–1841(A) refers to "any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional," the first sen-

tence of that subsection begins with the restrictive words "[w]hen declaratory relief is sought." Whether the third sentence of subsection A is limited by the first sentence—so that service is only required when the constitutional challenge is raised when declaratory relief is sought—is unclear.[8]

¶ 16 When, as here, a statute's language is not clear, we are to determine "legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statutes' context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). From our review of the language, purpose, and history of A.R.S. § 12–1841(A), we conclude the service requirements are not limited to actions in which declaratory relief is sought.

¶ 17 An action for declaratory relief "is intended to serve as an instrument of preventive justice, to relieve litigants of the common law rule that no declaration of right may be judicially adjudged until that right has been violated, and to permit adjudication of rights or status without the necessity of a prior breach." *Elkins v. Vana*, 25 Ariz.App. 122, 126, 541 P.2d 585, 589 (1975). Thus, a party can seek declaratory relief in advance of a violation of a statute or ordinance as long as an actual, justiciable controversy exists. *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 468, ¶ 29, 160 P.3d 1216, 1226 (App.2007); *Planned Parenthood Center of Tucson, Inc. v. Marks*, 17 Ariz.App. 308, 310–13, 497 P.2d 534, 536–39 (1972). The third sentence of § 12–1841(A) is not limited to situations in which declaratory relief is sought but instead is phrased broadly to

---

7. Here, we allowed DeVries and Green to cure their noncompliance with section 12–1841. In doing so, we do not suggest non-compliance can always be cured by effectuating service on appeal; remand for compliance may be necessary in a different case.

8. Several courts have held Section 11 of the Uniform Act applies only to actions seeking declaratory relief. *Butler v. Flint–Goodridge Hosp. of Dillard Univ.*, 347 So.2d 1308, 1309 (La.App. 1977); *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 507 (Mo.1991); *Cleveland Bar*

*Ass'n v. Picklo*, 96 Ohio St.3d 195, 772 N.E.2d 1187, 1189 (2002); *Watson v. Washington Preferred Life Ins. Co.*, 81 Wash.2d 403, 502 P.2d 1016, 1019 (1972). Other courts have reached the opposite conclusion. *Barger v. Barger*, 410 So.2d 17, 18–19 (Ala.1982); *Ark. Dep't of Human Servs. v. Heath*, 307 Ark. 147, 817 S.W.2d 885, 886 (1991); *Maney v. Mary Chiles Hosp.*, 785 S.W.2d 480, 482 (Ky.1990); *Kurtz v. City of Waukesha*, 91 Wis.2d 103, 280 N.W.2d 757, 764– 65 (1979).

require service "[i]n any proceeding in which a state statute, ordinance, franchise or rule is alleged to be unconstitutional." The allegation of unconstitutionality triggers the service requirements, not the type of relief requested.[9]

¶ 18 Section 12–1841(A) also requires the Attorney General, Speaker, and President be served with the "pleading, motion or document containing the allegation" of unconstitutionality. Because a request for declaratory relief is typically made in a complaint or other pleading,[10] the Legislature's recognition that an allegation of unconstitutionality could be in a "motion or document" suggests it did not intend to limit the service requirements to declaratory judgment actions.

¶ 19 Not only does the wording of A.R.S. § 12–1841(A) favor construing the statute as being applicable to non-declaratory relief actions, but such an interpretation is consistent with the purpose and history of the statute. As originally enacted, the statute was designed to allow the Attorney General, as the chief law enforcement officer of the state, to be heard on matters affecting the state and its citizens. See *supra* ¶ 2.

¶ 20 The importance attached by the Legislature to ensuring the Attorney General received notice of constitutional challenges was underscored in 1996 when the Legislature amended the statute to clarify what materials were to be served on the Attorney General and when. See *supra* ¶ 3. This amendment was designed to ensure the Attorney General would receive timely and meaningful notice of any case involving a challenge to the constitutionality of a state statute. To limit applicability of the statute to only declaratory judgment actions would be inconsistent with its purpose and history. *See Minutes of the Arizona State Senate Committee on Judiciary on H.B.2072,* 42d Leg., 2d Reg. Sess. 6 (Mar. 5, 1996); *Minutes of the Arizona House of Representatives Committee on Judiciary on H.B.2072,* 42d Leg., 2d Reg. Sess. 20–21 (Jan. 31, 1996).

¶ 21 Thus, although the first sentence of A.R.S. § 12–1841(A) refers to a request for declaratory relief, we do not believe the service requirements in the third sentence of subsection A are limited to proceedings in which only declaratory relief is sought. Instead, these requirements must be met whenever a party alleges a state statute, ordinance, franchise, or rule is facially unconstitutional.[11] Accordingly, although the constitutional challenge raised by DeVries, and reasserted by her on appeal, did not arise out of a request for declaratory relief, the statute's service requirements were, nevertheless, applicable to her.

### D. Other Matters

¶ 22 In response to our request for briefing, DeVries argued the State waived service on the Speaker and President because it had failed to raise this issue in its answering brief on appeal. DeVries also argued subsection B violates the federal due process clause because its "onerous" requirements restrict a fundamental right, access to

---

9. Indeed, we note that when the parties have failed to do so, this court has issued orders notifying the Attorney General of constitutional challenges to state statutes that arose in proceedings in which declaratory relief was not sought. *Naslund v. Indus. Comm'n,* 210 Ariz. 262, 267 n. 4, ¶ 21, 110 P.3d 363, 368 n. 4 (App.2005); *Grammatico v. Indus. Comm'n,* 208 Ariz. 10, 12 n. 3, ¶ 5, 90 P.3d 211, 213 n. 3 (App.2004), *aff'd,* 211 Ariz. 67, 117 P.3d 786 (2005).

10. The procedure for obtaining a declaratory judgment is not specified in the Uniform Act; instead, it is provided by the Arizona Rules of Civil Procedure. Ariz. R. Civ. P. 57 ("The procedure for obtaining a declaratory judgment shall be in accordance with these Rules....") The Federal Rule of Civil Procedure counterpart to the Arizona Rule has been interpreted as contemplating that an action for declaratory judgment is a civil action subject to all applicable rules. Fed. R.Civ.P. 57; *Int'l Bhd. of Teamsters v. E. Conference of Teamsters,* 160 F.R.D. 452, 456 (S.D.N.Y. 1995). A request for declaratory relief, like any claim for relief, is typically set forth in a pleading. *See* Ariz. R. Civ. P. 7(a), 8(a). DeVries raised her constitutional challenge in her response and motion for summary judgment—neither is a pleading under Rule 7(a). *Landi v. Arkules,* 172 Ariz. 126, 135, 835 P.2d 458, 467 (App.1992).

11. Green and DeVries each alleged that a state statute was unconstitutional on its face. *See supra* ¶¶ 6–7. We express no opinion as to whether A.R.S. § 12–1841(A) applies when a party alleges a state statute is unconstitutional as applied.

the courts, but are not narrowly tailored to serve a compelling state interest.[12] *See Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (access to courts is a fundamental right); *Standhardt v. Superior Court*, 206 Ariz. 276, 279, ¶ 8, 77 P.3d 451, 454 (App.2003) (government cannot restrict fundamental right unless restriction is narrowly tailored to achieve a compelling state interest). We disagree with both arguments.

¶ 23 In this context, the State, as represented by the Attorney General, cannot waive rights belonging to the Speaker and President. Further, the requirements in subsection B are not at all onerous. Indeed, we note the disclosure requirements in Arizona Rule of Civil Procedure 26.1(a)[13] obligate a party to disclose more information than that required by A.R.S. § 12–1841(B). Finally, although access to the courts is a fundamental right, subsection B does not restrict that right—a party can raise a constitutional challenge whenever appropriate.

**12.** DeVries also argued A.R.S. § 12–1841(C) violates the separation of powers requirement contained in the Arizona Constitution. Ariz. Const. art. 3. Application of subsection C is not at issue here so we decline to address this argument.

**13.** Arizona Rule of Civil Procedure 26.1(a) requires a party to disclose the factual basis and

## CONCLUSION

¶ 24 For the foregoing reasons, we hold the 2006 amendment to A.R.S. § 12–1841(A) requiring service on the Speaker and President are applicable to lawsuits filed before the effective date of the 2006 amendment; a party raising a facial constitutional challenge to a state statute, ordinance, franchise, or rule in a proceeding, including an appeal, must follow the statutory service requirements if it has not already done so; and, the service requirements of the statute are not limited to cases requesting only declaratory relief.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and MICHAEL J. BROWN, Judge.

legal theory for a claim or defense; contact information of witnesses, expert witnesses, and persons with background information; a computation of damages; location, custodian, and description of relevant tangible evidence; and a list of relevant documents possessed by that party.