IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

IN RE THE MARRIAGE OF:

**DIANE MERRILL,**
*Petitioner/Appellee,*

*v.*

**ROBERT KENNETH MERRILL,**
*Respondent/Appellant.*

No. CV-15-0028-PR
Filed December 15, 2015

Appeal from the Superior Court in Maricopa County
The Honorable Paul J. McMurdie, Judge
No. DR1991-092542

Memorandum Decision of the Court of Appeals, Division One
1 CA-CV 13-0649
Filed Dec. 18, 2014
Amended Per Order Filed Jan. 7, 2015
**VACATED AND REMANDED**

COUNSEL:

James S. Osborn Popp (argued), Popp Law Firm, PLC, Tempe, for Diane
Merrill

Keith Berkshire (argued), Maxwell Mahoney, Berkshire Law Office PLLC,
Phoenix, for Robert Kenneth Merrill

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF
JUSTICE BALES, VICE CHIEF JUSTICE PELANDER and JUSTICES
BRUTINEL and BERCH (RETIRED) joined.

JUSTICE TIMMER, opinion of the Court:

¶1        Federal law prohibits courts in marital dissolution
proceedings from dividing any portion of military retirement pay ("MRP")

waived by a retired veteran to receive Combat-Related Special Compensation ("CRSC") benefits pursuant to 10 U.S.C. § 1413a. Arizona law prohibits courts from "making up" for the resulting reduction in MRP by awarding additional assets to the non-military ex-spouse. A.R.S. § 25-318.01. We recently held that neither federal law nor § 25-318.01 precludes the family court from ordering a retired veteran to indemnify an ex-spouse for a reduction in the latter's share of MRP caused by a post-decree waiver of MRP made to obtain Department of Veterans Affairs ("VA") disability benefits pursuant to 38 U.S.C. chapter 11. *In re Marriage of Howell*, No. CV-15-0030-PR, slip op. at *9 ¶ 25 (Ariz. Dec. 2, 2015). For the reasons set forth in *Howell*, we hold that § 25-318.01 likewise cannot apply to preclude indemnification when a retired veteran makes a post-decree waiver of MRP to obtain CRSC benefits and the decree was entered before § 25-318.01's effective date.

## I. BACKGROUND

¶2 Robert Merrill and Diane Merrill married in 1963 and divorced in 1993. Robert was injured in combat while serving with the Army in Vietnam. He retired from the Army in 1983 and went to work in the private sector. At the time of the divorce, Robert received MRP and VA disability benefits based on a disability rating of 18.62 percent. The family court did not divide Robert's disability benefits but awarded each party "one-half" of the MRP as their sole and separate property and issued a qualified domestic relations order to implement that award.

¶3 After the parties' divorce, Robert became unemployable due to his disabilities. Thus, in 2004, the VA changed Robert's disability rating to 100 percent and found him eligible to receive CRSC. The CRSC program permits some veterans injured in combat to waive a portion of their "disposable" MRP for an equal amount of tax-free CRSC. *See* 10 U.S.C. § 1413a. Federal law prohibits courts from treating CRSC as community property. *See* 10 U.S.C. § 1408(c)(1) (authorizing a state court to treat only "disposable retired pay" as community property); § 1413a(g) ("Payments under this section are not retired pay."). Robert waived a significant portion of MRP to receive CRSC and, as a result, Diane's monthly share of MRP from 2004 onward decreased dramatically. In 2010, for example, Diane's monthly share of MRP was reduced from $1,116 to $133.

¶4            In 2010, Diane petitioned the family court to award her arrearages for her reduced share of MRP and to compensate her for future reduced payments of MRP. The family court denied Diane's petition, reasoning that § 25-318.01 proscribes the requested relief.

¶5            The court of appeals reversed, holding that § 25-318.01 applies only to VA disability benefits awarded pursuant to 38 U.S.C. chapter 11, not to CRSC awarded pursuant to 10 U.S.C. § 1413a. *Merrill v. Merrill*, 230 Ariz. 369, 375 ¶ 25, 284 P.3d 880, 886 (App. 2012) ("*Merrill I*"). The court applied long-standing case law to conclude that Robert must indemnify Diane against her loss of MRP. *Id*. at 373 ¶ 13, 284 P.3d at 884. It remanded for the family court to determine whether Robert could indemnify Diane from his non-exempt assets. *Id*. at 377 ¶ 30, 284 P.3d at 888.

¶6            On remand, the family court awarded Diane $128,574.35 in MRP arrearages accrued through July 2013 to be paid by Robert "from any and all non-exempt income and assets" (the "2013 Order"). It also ordered Robert to pay Diane $1,486.50, subject to cost of living adjustments, each month starting August 2013 from "non-exempt income and assets."

¶7            Robert appealed, arguing that the family court did not determine whether he could indemnify Diane from his non-exempt assets, as *Merrill I* required. In 2014, while Robert's appeal was pending, the legislature amended § 25-318.01 to make it applicable to CRSC benefits. *See* H.B. 2514, 51st Leg., 2d Reg. Sess. (Ariz. 2014). The legislature expressly made the amendment retroactive to July 28, 2010, one day before the original version's effective date. On Robert's motion, and without addressing the issues raised on appeal, the court of appeals vacated the 2013 Order, recognized that portions of *Merrill I* had been superseded by the 2014 amendment to § 25-318.01, and deemed Diane's 2010 petition denied. *Merrill v. Merrill*, 1 CA-CV 13-0649 (Ariz. App. Dec. 18, 2014, revised Jan. 7, 2015) (mem. decision).

¶8            We granted review because the application of § 25-318.01 is an issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II. DISCUSSION

### A. Applicability of § 25-318.01

¶9 Section 25-318.01 provides:

In making a disposition of property pursuant to § 25-318 or § 25-327, a court shall not do any of the following:

1. Consider any federal disability benefits awarded to a veteran for service-connected disabilities pursuant to 10 United States Code section 1413a or 38 United States Code chapter 11.

2. Indemnify the veteran's spouse or former spouse for any prejudgment or postjudgment waiver or reduction in military retired or retainer pay related to the receipt of the disability benefits.

3. Award any other income or property of the veteran to the veteran's spouse or former spouse for any prejudgment or postjudgment waiver or reduction in military retired or retainer pay related to the receipt of the disability benefits.

¶10 Diane argues that the court of appeals erred by applying § 25-318.01 because that statute only applies to an original disposition of property made pursuant to § 25-318 and to a modification or revocation made pursuant to § 25-327. Because she sought to enforce the original disposition rather than modify it, Diane contends that § 25-318.01 does not apply to her petition or the resulting 2013 Order. *See Howell*, slip op. at *6–7 ¶ 17 (noting that "§ 25-318.01 applies only to property dispositions made pursuant to §§ 25-318 and -327" and does not "restrict[] the family court's ability to enforce a disposition order").

¶11 We rejected a similar argument in *Howell*. Like the non-military ex-spouse in that case, Diane sought to redress the reduction in her share of MRP caused by Robert's election to receive CRSC benefits. Because the original decree did not require Robert to indemnify Diane for her loss of MRP, the family court necessarily modified the decree's property disposition terms. Consequently, as in *Howell*, the family court modified the original property disposition terms pursuant to § 25-327(A), and therefore § 25-318.01 applies.

### B. Application to vested property rights

**¶12**        Diane argues that she obtained a vested property right in her share of MRP when the family court entered the decree in 1993, and due process considerations prohibit a court from applying § 25-318.01 to impair that right. Robert counters that Diane waived this argument by failing to comply with A.R.S. § 12-1841. He alternately argues that any vested right is in fifty percent of whatever amount of MRP is paid each month. He asserts that because Diane still receives fifty percent of the MRP paid monthly, albeit greatly reduced in amount, application of § 25-318.01 would not diminish any vested right.

**¶13**        We reject Robert's waiver argument. Section 12-1841(A) requires a litigant to serve the attorney general, the speaker of the house of representatives, and the president of the senate with any document alleging that a state statute is unconstitutional. A litigant does not waive a challenge, however, by failing to comply with § 12-1841. The consequence for noncompliance is that an unserved official can move to vacate any finding of unconstitutionality, and the court must give the official a reasonable opportunity to be heard. A.R.S. § 12-1841(C). Also, if a court discovers that a party failed to comply with § 12-1841, the court can require compliance before addressing the constitutionality of a statute. *See, e.g.,* *Arrett v. Bower*, 237 Ariz. 74, 79 ¶ 15, 345 P.3d 129, 134 (App. 2015) (permitting the secretary of state to intervene to defend the constitutionality of a statute); *Grammatico v. Indus. Comm'n*, 208 Ariz. 10, 12 ¶ 5 n.3, 90 P.3d 211, 213 n.3 (App. 2004) (providing the attorney general an opportunity to address constitutional challenge to a statute), *aff'd* 211 Ariz. 67, 117 P.3d 786 (2005).

**¶14**        Compliance with § 12-1841 is not required in this case. Diane does not assert that § 25-318.01 is facially unconstitutional. Rather, she argues that the provision as applied works an unconstitutional deprivation. No Arizona court has decided whether § 12-1841 addresses "as-applied" constitutional challenges. *See DeVries v. State*, 219 Ariz. 314, 321 ¶ 21 n.11, 198 P.3d 580, 587 n.11 (App. 2008) (declining to address the issue). And courts outside Arizona are split on the issue. *Compare, e.g.,* *Kepple v. Fairman Drilling Co.*, 615 A.2d 1298, 1303 n.3 (Pa. 1992) (noting that notice to attorney general is not required when contending statute is unconstitutional as

applied), *with Lazo v. Bd. of Cnty. Comm'rs of Bernalillo Cnty.*, 690 P.2d 1029, 1031–32 (N.M. 1984) (taking the opposite view).

¶15 We are persuaded that § 12-1841 applies only when a litigant asserts that a statute is facially unconstitutional. The purpose of § 12-1841's notice requirement is "to protect the state and its citizens should the parties be indifferent to the outcome of the litigation." *Ethington v. Wright*, 66 Ariz. 382, 388, 189 P.2d 209, 213 (1948). With an as-applied challenge, there is no risk that a statute will be declared unconstitutional for all applications, and the party urging application of the statute is motivated to vigorously defend its constitutionality. Because Diane only challenges the application of § 25-318.01 to her circumstances and not for all applications, she was not required to comply with § 12-1841's notice requirement.

¶16 We next consider whether the court of appeals correctly applied § 25-318.01 to dismiss Diane's petition. We resolve this issue as we did in *Howell*. There, we concluded that prior to § 25-381.01's enactment, Mrs. Howell, the non-military ex-spouse, "had a vested right to receive future distributions of her share of MRP unencumbered by any adjustments initiated by [Mr. Howell]." *Howell*, slip op. at *8 ¶ 21. We held that the due process guarantee set forth in article 2, section 4 of our constitution, prohibits application of § 25-318.01 in that circumstance to preclude the family court from entering an indemnification order. *Id*. at *9 ¶¶ 23–24. Because Diane's rights in her share of MRP vested before the effective date of the amendment to § 25-318.01, that provision cannot apply to prevent the family court from fashioning an order to redress the reduction in MRP caused by Robert's election to receive CRSC benefits. The court of appeals erred by concluding otherwise.

### III. CONCLUSION

¶17 Section 25-318.01 cannot be applied to prohibit the family court from entering an indemnification order to compensate a non-military ex-spouse for a reduction in a share of MRP caused by a veteran's election to receive CRSC benefits when that share was awarded in a decree entered before the statute's effective date. We vacate the court of appeals' decision and remand to that court to address the arguments raised by Robert on appeal. Finally, we deny Diane's request for attorneys' fees without prejudice to the court of appeals considering the request after the issues on appeal are decided on remand.