Cite as 2026 Ark. 32

# SUPREME COURT OF ARKANSAS
No. CV-26-61

| | |
|---|---|
| | **Opinion Delivered:** February 12, 2026 |
| CASEY REED<br>        APPELLANT/CROSS-APPELLEE<br><br>V.<br><br>KEN YANG; GRANT COUNTY BOARD OF ELECTION COMMISSIONERS; SALINE COUNTY BOARD OF ELECTION COMMISSIONERS; GERAL HARRISON, IN HIS CAPACITY AS GRANT COUNTY AND CIRCUIT CLERK; DOUG CURTIS, IN HIS CAPACITY AS SALINE COUNTY CLERK; JOSEPH WOOD, IN HIS CAPACITY AS CHAIRMAN OF THE REPUBLICAN PARTY OF ARKANSAS; AND COLE JESTER, IN HIS CAPACITY AS ARKANSAS SECRETARY OF STATE<br>        APPELLEES/CROSS-APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-25-15618]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br><u>AFFIRMED ON DIRECT APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL</u>. |

## BARBARA W. WEBB, Justice

Casey Reed, a candidate in the Republican Primary for the Arkansas House of Representatives, District 92, appeals an order of the Pulaski County Circuit Court granting declaratory judgment and a writ of mandamus filed by Ken Yang. In its ruling, the circuit court declared Reed ineligible to run for that office and ordered that any votes cast for him not be counted. On appeal, Reed argues that the circuit court erred in (1) finding that appellee Ken Yang had standing to bring suit; (2) granting Yang's "Complaint for

Declaratory Judgment and Writ of Mandamus" finding him ineligible to run for the Arkansas House of Representatives, District 92; and (3) requiring Prosecuting Attorney Teresa Howell to testify and then not allowing her cross-examination. On cross-appeal, Yang argues that the circuit court erred in denying his attorney's fees in accordance with Rule 54(e) of the Arkansas Rules of Civil Procedure because an award of reasonable attorney's fees was required under Arkansas Code Annotated section 21-8-303(b)(2) (Repl. 2022). We affirm on direct appeal and reverse and remand on cross-appeal.

This court has jurisdiction over the present case pursuant to Arkansas Supreme Court Rule 1-2(a)(4) because it involves issues pertaining to elections and election procedures. We review declaratory-judgment actions with a clearly-erroneous standard. *Haile v. Johnston*, 2016 Ark. 52, 482 S.W.3d 323. We will not reverse factual findings unless they are clearly against the preponderance of the evidence. *City of Helena-W. Helena v. Williams*, 2024 Ark. 102, 689 S.W.3d 6. We likewise review the circuit court's decision to grant a writ of mandamus pursuant to the clearly-erroneous standard. *Wyatt v. Carr*, 2020 Ark. 21, 592 S.W.3d 656.

Disposition of this case requires constitutional and statutory interpretation. Accordingly, our task is to read the law as it is written and interpret it in accordance with established principles of constitutional and statutory construction. *Proctor v. Daniels*, 2010 Ark. 206, 392 S.W.3d 360. It is this court's responsibility to decide what a constitutional provision or statute means; we review a lower court's construction de novo. *Id*. Language of a constitutional provision or statute that is plain and unambiguous must be given its obvious and common meaning. *Id*. Neither rules of construction nor rules of interpretation

2

may be used to defeat the clear and certain meaning of a constitutional provision. *Id.*

Casey Reed is a candidate in the District 92 Republican Primary. Reed has been certified by the Grant and Saline County Boards of Election Commissioners to appear on the ballot. Yang, appellee in this case, does not live in the legislative district that Reed seeks to serve. But Yang is a citizen of Arkansas. On December 22, 2025, Yang sued to have Reed declared ineligible to file for, run for, or hold the office of state representative and to enjoin election officials from placing Reed's name on the ballot or, if his name appears on the ballot, enjoin them from counting or certifying any votes cast for Reed. Following a hearing on Yang's petition, the circuit court entered an order on January 12, 2026, granting Yang's motion for declaratory judgment finding Reed ineligible to run for office. Having been made aware that Reed's name had already been placed on printed ballots, it also granted a writ of mandamus ordering that none of the votes for Reed be counted. The circuit court also denied Yang's attorney's fees and costs. Reed appealed from the circuit court's order, and Yang cross-appealed from the denial of attorney's fees and costs.

Reed filed a petition for writ of certiorari and a motion for expedited consideration of the appeal on January 23, 2026. On January 27, we granted the motion for expedited consideration and took the petition for writ of certiorari with the case. We first dispose of Reed's certiorari petition. Certiorari lies to correct proceedings erroneous on the face of the record when there is no other adequate remedy, and it is available in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *King v. Davis*, 324 Ark. 253, 920 S.W.2d 488 (1996). We interpret Reed's expedited petition as merely a request for an expedited appeal, which we

3

now consider.

## A. Yang's Standing to Pursue These Causes of Action.

Yang asserted his authority to file suit and proceeded under Arkansas Code Annotated section 21-8-303, which states in pertinent part:

> (a)(1) It shall be the duties and responsibilities of the prosecuting attorneys of this state to supervise compliance with this subchapter and to prosecute persons who violate the provisions of this subchapter.
>
> . . . .
>
> (b)(1) In the event the prosecuting attorney shall fail or refuse to enforce the provisions of this subchapter when the facts are known by him or her, or called to his or her attention, any citizen of this state may bring action in circuit court to force compliance with this subchapter.

Reed argues that Yang did not have standing to bring this lawsuit. He asserts that the proof of Grant County Prosecuting Attorney Teresa Howell's failure or refusal to act was inadequate and that Yang, who did not reside in District 92, was not affected by the election. Reed, however, concedes that section 21-8-303 has never been construed.

Though the proof about Howell's knowledge that Reed had pleaded guilty to a public-trust crime and her failure to act on that knowledge was somewhat sparse, it did establish that Howell was aware of Reed possibly having a criminal conviction and that she did not act to take him off the ballot. However, there is no countervailing proof to render the circuit court's finding that she failed to act clearly against the preponderance of the evidence.

Regarding whether Yang, who did not reside in District 92, had standing to bring this cause of action, we decline to look beyond the plain wording of the statute: "any citizen of this state" is clear enough to be given its plain and ordinary meaning. Accordingly, we

4

affirm on this point. Ark. Code Ann. § 21-8-303(b)(1).

B. The Circuit Court's Grant of Declaratory Judgment and Writ of Mandamus

Reed next argues that the circuit court erred in finding that he was ineligible to run as a candidate in the Arkansas House of Representatives, District 92 Republican Primary. We disagree. We review declaratory judgments in election cases under a clearly-erroneous standard. *Haile*, 2016 Ark. 52, 482 S.W.3d 323. Our review of statutory and constitutional construction is de novo. *Id.*

We first reject Reed's complaints that the documents admitted in this case were uncertified and thus inadmissible. We note, however, that Reed authenticated these documents during his testimony. Furthermore, Reed himself introduced documents referencing his guilty plea during his cross-examination. Altogether, it is beyond dispute that Reed pleaded guilty in 2012 to Abuse of Public Trust, a Class D felony. Under the plain language of Arkansas Code Annotated section 21-8-305, he is ineligible to be a candidate for a constitutional office, which includes the state legislature. In pertinent part it states:

(a) If a person has pleaded guilty or nolo contendere to or has been found guilty of a public trust crime, he or she shall not:

(1) File as a candidate for:

(A) A constitutional office;

. . .

(2) Run as a candidate for:

(A) A constitutional office;

. . . .

A "public trust crime" includes a felony offense, and a "constitutional office" includes the

General Assembly. *See* Ark. Code Ann. § 21-8-301(1), (7); Ark. Const. art. 5, section 9. Again, in statutory construction, we are obligated to give the words of the statute their plain and ordinary meaning. "Pleaded guilty" plainly means "pleaded guilty."

Nonetheless, Reed challenges this conclusion. He first asserts that he is a qualified candidate pursuant to article 5, section 9 of the Arkansas Constitution and Arkansas Code Annotated section 7-6-102(d), which state that a candidate is disqualified if he is convicted of an infamous crime and he contends he was not *convicted*. However, the logical fallacy of this argument is that just because a conviction is disqualifying, does not mean pleading guilty cannot *also* be disqualifying.

We are mindful of Reed's argument that section 21–8–305 is unconstitutional. However, if Reed had wanted to challenge the constitutionality of section 21–8–305, he was required to timely notify the Attorney General. *See Campbell v. Entergy Ark., Inc.*, 363 Ark. 132, 211 S.W.3d 500 (2005). This Reed failed to do.

Reed next argues that Arkansas Code Annotated section 21-8-305 is unclear, contradictory, and ambiguous when applied alongside article 5, section 9 and section 7-6-102(d). Further, Reed asserts that the "pleaded guilty" element conflicts with the very title of the statute: "Person convicted of public trust crime ineligible as candidate for or to hold office." However, we hold that the plain language of the statute stands on its own.

Finally, Reed argues that he entered his guilty plea pursuant to the First Offender Act, Arkansas Code Annotated sections 16-93-301 through –303 (Repl. 2016 & Supp. 2025). He asserts that a plea of guilty under this statute does not result in a conviction and does not disqualify him from seeking public office. We disagree.

Under the First Offender Act, the legal mechanism for restoring a person's rights is the sealing of records pursuant to the Comprehensive Criminal Record Sealing Act of 2013, codified at Arkansas Code Annotated sections 16-90-1401 et seq. (Repl. 2016 & Supp. 2025) Critically, section 16–90–1417(a)(1) states: "A person whose record has been sealed under this subchapter shall have all privileges and rights restored, and the record that has been sealed shall not affect any of his or her civil rights or liberties *unless otherwise specifically provided by law.*" (Emphasis supplied.) Accordingly, the plain language of Arkansas Code Annotated section 21-8-305(b)(1) precludes the restoration of Reed's right to seek constitutional office. It states:

> (b)(1) The sealing of any public trust crime or any similar offense under the Comprehensive Criminal Record Sealing Act of 2013, § 16-90-1401, et seq. or any sealing or expungement act in any jurisdiction shall not restore a privilege, eligibility, or qualification to file as a candidate for, run as a candidate for, or hold a constitutional office under this section.

For the foregoing reasons, we reject Reed's arguments under this point and affirm.

C. Trial Court Errors Concerning Teresa Howell's Testimony

For Reed's final point on appeal, he raises two evidentiary challenges concerning the testimony of Teresa Howell, which we review for an abuse of discretion. *Weigel v. Farmers Insurance Co., Inc.*, 356 Ark. 617, 158 S.W.3d 147 (2004).

As noted previously, Howell is the prosecuting attorney for Grant County, and under section 21-8-303, she is charged with enforcing sections 21-8-301 et seq. A private right of enforcement arises only if the prosecuting attorney "fail[s] or refuse[s] to enforce the provisions of this subchapter when the facts are known by him, and a private right of enforcement arises only if the prosecuting attorney  must "fail or refuse to enforce the

7

provisions of this subchapter when the facts are known by him or her, or called to his or her attention." Ark. Code Ann. § 21-8-303(b). Howell and her deputy, Jeff Webber, also represented the Grant County Board of Election Commissioners and the Grant County and Circuit Clerk, Geral Harrison, who were named as defendants in this case.

Reed objected to Howell being called to testify, citing Arkansas Rule of Professional Conduct 3.7. Howell herself objected to testifying, asserting that her testimony was barred by statute. Over these objections, the circuit court ordered Howell to testify and answer a single question: "Before December 22nd, 2025, did you have any communications with anybody about Mr. Reeds [sic] possibly having had a prior criminal case?" Howell simply answered yes. Over Reed's objection, the circuit court did not allow cross-examination as it found that any cross-examination would be beyond the scope of a single, one-word answer. On appeal, Reed argues that both of these rulings were an abuse of discretion.

First, as he did at trial, Reed argued that Rule 3.7 of the Arkansas Rules of Professional Conduct, which concerns a lawyer as a witness, prohibited Howell from testifying. While it is true that our case law has made Rule 3.7 applicable to cases in which the attorney will be called to testify for the opposing party, its application is not as restricted as the text of the Rule would suggest.[1] In *Weigel*, 356 Ark. 617, 158 S.W.3d 147, we

---

[1] Rule 3.7 provides:
> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

adopted a three-part test requiring that the opposing party demonstrate three things before being allowed to call the attorney to testify: (1) the attorney's testimony is material to the determination of the issues being litigated; (2) the evidence is unobtainable elsewhere; and (3) the testimony is or may be prejudicial to the testifying attorney's client. The *Weigel* court adopted the test in an attempt to strike a reasonable balance between the potential for abuse and those instances in which the attorney's testimony may be truly necessary to the opposing party's case. *Id.*

Howell was a necessary fact witness on the issue of whether Yang had standing to bring a lawsuit to disqualify Reed for having committed an abuse-of-public-trust crime. Yang argued that there was no other way to prove that Howell had knowledge of Reed's plea of guilty to a public-trust crime and that the prejudice to the Grant County defendants was met here because Grant County would be enjoined from certain actions if Yang succeeded in his suit, thereby demonstrating prejudice. We agree and hold that the circuit court did not abuse its discretion in allowing Yang to call Howell to testify.

Finally, Reed argues that the circuit court erred in not allowing his counsel to cross-examine Howell. While this is concerning, Reed has not preserved this issue by making a specific proffer of the questions he wished to ask on cross-examination. *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). We therefore affirm on this point.

## D. Cross-Appeal

On cross-appeal, Yang argues that having proved that the prosecuting attorney of Grant County knew of Reed's disqualifying guilty plea and failed to act, the mandatory language in section 21-8-303(b)(2) was triggered and the award of fees was mandatory.

Accordingly, he contends that the circuit court erred in denying him attorney's fees and expenses. He contends that a prevailing party has fourteen days after judgment is entered to move for attorney's fees and expenses under Arkansas Rule of Civil Procedure 54(e)(2). However, rather than give Yang fourteen days, the circuit court used the judgment to deny him fees and expenses. He asserts that the failure to give him time to file a motion and the denial of fees and expenses were erroneous. Moreover, Yang contends that the prevailing plaintiff under section 21-8-305(a) is entitled to attorney's fees and expenses: "The citizen shall be entitled to receive reimbursements for expenses and reasonable attorney's fees upon the successful outcome of such litigation." Ark. Code Ann. § 21-8-303(b)(2). Further, citing *Marcum v. Wengert*, 344 Ark. 153, 165, 40 S.W.3d 230, 238 (2001), Yang argues that the word "shall" in section 21-8-302(b)(2) makes an award of fees mandatory. We agree. We therefore reverse the denial of attorney's fees and expenses and remand the case to the circuit court to allow Yang to file a fee petition.

In conclusion, Reed is disqualified as a candidate and no votes cast for Reed shall be counted or certified.

Affirmed on direct appeal; reversed and remanded on cross-appeal. Mandate to issue immediately.

Special Justice SHANE HENRY joins.

WOMACK, J., and Special Justice and DON CURDIE concur.

HILAND, and BRONNI, JJ., not participating.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority that Yang has standing and that Reed is ineligible to hold office in the General Assembly under article 5, section 9 of the Arkansas Constitution because he has been convicted of an infamous crime. I also agree that Yang is entitled to seek attorney fees and expenses from Reed.[1] But I write separately to address two points.

First, I would dismiss Yang's claims against the Secretary of State because of sovereign immunity. Although Yang notes in his underlying complaint that the Secretary is a necessary party, and he is not making any specific claims against him, "[t]he detail and depth of the allegations against the Secretary of State are irrelevant" for purposes of sovereign immunity.[2] Absent an express constitutional provision to the contrary, the Secretary "is entitled to the protections of article 5, section 20 by virtue of his position as a state actor."[3]

Second, I want to clarify that Reed is ineligible to hold office in the General Assembly because of article 5, section 9, not Arkansas Code Annotated section 21-8-305. For all intents and purposes, section 21-8-305 is a mechanism for citizens to enforce article 5, section 9 and to clarify that other statutes—such as the First Offenders Act—do not change the fact that a guilty plea amounts to a conviction for purposes of article 5, section 9. Just as the General Assembly has the authority to define what is or is not a conviction

---

[1]Ark. Code Ann. § 21-8-303(b)(2); *Gibson v. Buonauito*, 2022 Ark. 206, at 23, 655 S.W.3d 59, 72 (Womack, J., concurring) (explaining that attorney fees should be awarded when a statute authorizes them).

[2]*Blackburn v. Lonoke Cnty. Bd. of Election Comm'rs*, 2022 Ark. 176, at 10, 652 S.W.3d 574, 581 (Womack, J., concurring in part and dissenting in part) (citing *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting)).

[3]*Id.*

under the First Offenders Act, it can define what is or is not a conviction under article 5, section 9.[4] To the extent section 21-8-305 attempts to add qualifications for candidates to the General Assembly that are not found in the Arkansas Constitution, I would question whether that is within the legislature's purview.[5]

I respectfully concur.

Special Justice DON CURDIE joins.

*Harrelson Law Firm, P.A.*, by: *Steve Harrelson*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee Ken Yang.

*Matthew J. Shepherd, P.A.*, by: *Matthew J. Shepherd*, for appellee Joseph Wood, in his capacity as Chairman of the Republican Party of Arkansas.

*Kolton Jones*, Saline County Civil Attorney, for the Saline County appellees.

*Jeff Weber*, Deputy Prosecuting Attorney, for appellees Grant County Board of Election Commissioners and Geral Harrison, in his capacity as Grant County and Circuit Clerk.

*Tim Griffin*, Att'y Gen., by: *Steven Benson*, Ass't Att'y Gen., for Arkansas Secretary of State Cole Jester.

---

[4]Ark. Code Ann. § 21-8-305(b)(1) (explaining that "[t]he sealing of any public trust crime or any similar offense under the Comprehensive Criminal Record Sealing Act of 2013, § 16-90-1401 et seq., or any sealing or expungement act in any jurisdiction shall not restore a privilege, eligibility, or qualification to file as a candidate for, run as a candidate for, or hold an elected office under this section").

[5]*See, e.g.*, Ark. Const. art. 5, §§ 4, 7, 8 & 9.

3